Justus, Appellant, *v.* Brown et al., Appellees.

[Cite as Justus v. Brown (1975), 42 Ohio St. 2d 53.]

(No. 74-881—Decided April 9, 1975.)

54

Messrs. *Hanna & Hanna* and *Mr. M. Shad Hanna,* for appellant.

Messrs. *Leatherman, Witzler & DeCessna* and *Mr. Donald A. DeCessna,* for appellees.

CORRIGAN, J. The essential facts are few and are not in dispute. Appellant was employed as a public school teacher in the Perrysburg Exempted Village School District from December 1965 through June 1973. The other pertinent facts for the purposes of this appeal are found in the decision and journal entry of the Court of Appeals, certifying the case to our court as being in conflict with other Courts of Appeals' opinions, which recites the following:

"Finding from the record that the appellant was a teacher eligible for continuing service status on April 18, 1973; and further finding that the appellees, the Perrysburg Exempted Village School District Board of Education, at a regular board meeting, held on April 18, 1973, in the presence of the appellant who attended the meeting,

upon receiving a statement from the superintendent that he had no recommendation to make with reference to the reemployment of the appellant, by unanimous vote of the full board, voted not to re-employ the appellant, and further finding that the appellant received notice of this action by the board by her presence at the April 18, 1973 board meeting and by letter dated April 19, 1973, by certified mail, with a return receipt, signed by the appellant on April 21, 1973, the trial court did not err in granting the appellee's motion for summary judgment and in denying the appellant's motion for summary judgment; assignment of error not well taken.''

Appellant advances the proposition that the failure of a superintendent of schools to make a recommendation to the board of education either for or against the reemployment of a teacher, who is eligible for continuing contract status, results in the reemployment of that teacher, even though the board votes unanimously not to reemploy the teacher and gives written notice to her before April 30th of its intention not to reemploy her.

This is the sole and decisive issue before us, and we decline to accept the reasoning of appellant in explication of applicable statutory provisions. Her argument confounds the issue and is not easily undertsood where rationale disappears and mystique descends.

There are two sections of the Revised Code which have an immediate and direct bearing on the dispute before us, namely, 3319.07 and 3319.11.* That part of R. C. 3319.-

---

*R. C. 3319.07 reads:

"The board of education of each city, exempted village, and local school district shall employ the teachers of the public schools of their respective districts. In making appointments teachers in the employ of the board shall be considered before new teachers are chosen in their stead. In city and exempted village districts no teacher or principal shall be employed unless such person is nominated by the superintendent of schools of such district. Such board of education, by a three-fourths vote of its full membership may re-employ any teacher whom the superintendent refuses to appoint. In local school districts, no teacher or principal shall be employed unless nominated by the superintendent

07 pertinent to an exempted village school district (which is the type of school district with which we are concerned in this appeal) provides:

"The *board of education* of each city, exempted village, and local school district *shall employ the teachers of the public schools of their respective districts.* In making appointments teachers in the employ of the board shall

of schools of the county school district of which such local school district is a part; by a majority vote of the full membership of such board, the board of education of any local school district may, after considering two nominations for any position made by the county superintendent, re-employ a person not so nominated for such position."

R. C. 3319.11 reads:

"Teachers eligible for continuing service status in any school district shall be those teachers qualified as to certification, who within the last five years have taught for at least three years in the district, and those teachers who, having attained continuing contract status elsewhere, have served two years in the district, but the board of education, upon the recommendation of the superintendent of schools, may at the time of employment or at any time within such two-year period, declare any of the latter teachers eligible.

"Upon the recommendation of the superintendent that a teacher eligible for continuing service status be re-employed, a continuing contract shall be entered into between the board and such teacher unless the board by a three-fourths vote of its full membership rejects the recommendation of the superintendent. The superintendent may recommend re-employment of such teacher, if continuing service status has not previously been attained elsewhere, under a limited contract for not to exceed two years, provided that written notice of the intention to make such recommendation has been given to the teacher with reasons directed at the professional improvement of the teacher on or before the thirtieth day of April, and provided that written notice from the board of education of its action on the superintendent's recommendation has been given to the teacher on or before the thirtieth day of April, but upon subsquent re-employment only a continuing contract may be entered into. If the board of education does not give such teacher written notice of its action on the superintendent's recommendation of a limited contract for not to exceed two years before the thirtieth day of April, such teacher is deemed re-employed under a continuing contract at the same salary plus any increment provided by the salary schedule. Such teacher is presumed to have accepted employment under such continuing contract unless he notifies the board in writing to the contrary on or before the first day of June, and a continuing contract shall be executed accordingly.

be considered before new teachers are chosen in their stead. In city and exempted village districts *no teacher* or principal *shall be employed unless such person is nominated by the superintendent of schools of such district.* Such board of education, by a three-fourths vote of its full membership may re-employ any teacher whom the superinten-

"A teacher eligible for continuing contract status employed under an additional limited contract for not to exceed two years pursuant to written notice from the superintendent of his intention to make such recommendation, is, at the expiration of such limited contract, deemed re-employed under a continuing contract at the same salary plus any increment granted by the salary schedule, unless the employing board, acting on the superintendent's recommendation as to whether or not the teacher should be re-employed, gives such teacher written notice of its intention not to re-employ him on or before the thirtieth day of April. Such teacher is presumed to have accepted employment under such continuing contract unless he notifies the board in writing to the contrary on or before the first day of June, and a continuing contract shall be executed accordingly.

"A limited contract may be entered into by each board with each teacher who has not been in the employ of the board for at least three years and shall be entered into, regardless of length of previous employment, with each teacher employed by the board who holds a provisional or temporary certificate.

"Any teacher employed under a limited contract, and not eligible to be considered for a continuing contract, is, at the expiration of such limited contract, deemed re-employed under the provisions of this section at the same salary plus any increment provided by the salary schedule unless the employing board, acting on the superintendent's recommendation as to whether or not the teacher should be re-employed, gives such teacher written notice of its intention not to re-employ him on or before the thirtieth day of April. Such teacher is presumed to have accepted such employment unless he notifies the board in writing to the contrary on or before the first day of June, and a written contract for the succeeding school year shall be executed accordingly. The failure of the parties to execute a written contract shall not void the automatic re-employment of such teacher.

"The failure of a superintendent of schools to make a recommendation to the board of education under any of the conditions set forth in this section, or the failure of the board of education to give such teacher a written notice pursuant to this section shall not prejudice or prevent a teacher from being deemed re-employed under either a limited or continuing contract as the case may be under the provisions of this section."

dent refuses to appoint. * * *'' (Emphasis added.)

The applicable portions of R. C. 3319.11 read, as follows:

''Upon the recommendation of the superintendent that a teacher eligible for continuing service status be re-employed, a continuing contract shall be entered into between the board and such teacher unless the board by a three-fourths vote of its full membership rejects the recommendation of the superintendent. * * *

''* * *

''The failure of a superintendent of schools to make a recommendation to the board of education under any of the conditions set forth in this section, or the failure of the board of education to give such teacher a written notice pursuant to this section shall not prejudice or prevent a teacher from being deemed re-employed under either a limited or continuing contract as the case may be under the provisions of this section.''

In connection with these two sections, it was fittingly pointed out by Justice Stern as *obiter dictum* in his opinion for a unanimous court in the case of *DeLong* v. *Board of Edn.* (1973), 36 Ohio St. 2d 62, at page 64, that:

''* * * R. C. 3319.07 makes it clear that the ultimate responsibility for employing teachers rests with the board of education, and R. C. 3319.11 carefully preserves the board's right to have the final say in all reemployment situations. Although, under R. C. 3319.11, a teacher's contract is deemed renewed by a board's failure to act timely, this very failure is, itself, statutorily considered to be an expression of the board's will.''

These conclusions are central to and dispositive of this appeal.

The record clearly establishes that appellant became eligible under the requirements of paragraph one of R. C. 3319.11 and was considered by the board of education for a continuing contract for the first time on April 18, 1972. The minutes of the board meeting held April 18, 1972, as applicable, read as follows:

"Mr Pierson [the superintendent] stated that the administration made no recommendation concerning the contract of Mrs. Judith Justus. Mr. Emrick moved that in the absence of a recommendation we not rehire Mrs. Justus. Mr. Hufford seconded the motion. There was no discussion. The clerk called the roll with the members voting as follows: Mr. Brown: Aye, Mr. Shank: Aye, Mr. Williams: Aye, Mr. Emrick: Aye, Mr. Hufford: Aye. Motion carried unanimously."

The two sections quoted above make it abundantly clear that in order for a teacher, in appellant's position, under the facts of this case, to be reemployed on a continuing contract, she must be recommended for reemployment by the superintendent. Where, as in this case, the superintendent made no recommendation, then under R. C. 3319.-07 the board could have overridden his non-recommendation by a three-fourths vote of the full membership. Obviously, the Perrysburg board of education did not want to reemploy appellant and therefore voted unanimously against her reemployment.

We are in agreement with the observation by Wiley, J., of the Sixth District Court of Appeals in his opinion below:

"* * * To interpret this legislative enactment as contended by appellant would permit the superintendent to exercise exclusive control over re-employment of such teacher and would completely destroy the power of the board of education to perform its duties; such interpretation is strained and fails to carry out the purpose of the statute."

It is our holding that the ultimate responsibility for employing teachers rests upon the board of education under R. C. 3319.07 and 3319.11.

We affirm the judgment of the Court of Appeals.

*Judgment affirmed.*

O'NEILL, C. J., HERBERT, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.