LONG *v.* BD. OF EDUCATION, ONTARIO LOCAL SCHOOL
DISTRICT.

(No. 75-374—Decided September 16, 1975.)

Court of Common Pleas of Richland County.

*Mr. George Knell,* for plaintiff.
*Mr. Harry Welsh,* for defendant.

MAYER, J. The complaint of plaintiff prays for a mandatory injunction ordering defendant school board to extend a teaching contract for the 1975-1976 school year. This case came on to be heard on the motion of the Board of Education of the Ontario Local School District for summary judgment in favor of this defendant against plaintiff because there are no issues of fact in dispute between the parties and contends that as a matter of law defendant is entitled to judgment. The case was argued and submitted.

The essential facts are few and are not in dispute. Plaintiff holds a four-year provisional teaching certificate and was employed by defendant as a teacher for the 1974-1975 school year on a limited contract. On April 30, 1975 said board notified plaintiff in writing that it was not the intention of said board to reemploy her for the 1975-1976 school year. It is further agreed that at no time prior to the 30th day of April, 1975 did the Richland County Superintendent of Schools make any recommendation, affirmatively or negative, to defendant school board relative to plaintiff being employed.

It is the contention of plaintiff that the failure of the county superintendent to make a recommendation to said

board prior to its action of plaintiff's contract. on April 29, 1975, is fatal and null and void and she should be deemed reemployed in the same position for the 1975-1976 school year.

The teacher's tenure law is contained in R. C. 3319.08 to 3319.18.

The only teachers entitled to a continuing contract and thus entitled to be rehired, are those who have taught three out of the last five years in the district and are qualified as to certification. This is governed by R. C. 3319.11. Plaintiff, having taught only one year in the district and holding only a professional certificate, therefore, would not meet the requirements under this section. Under R. C. 3319.08, in order to be eligible as to certification, a teacher must hold a professional certificate as defined in R. C. 3319.25, a permanent certificate as defined in R. C. 3319.26, or a life certificate, as defined in R. C. 3319.27.

It must then follow that plaintiff's only ground or hope for relief must lie in the admitted fact that the county superintendent did not recommend her reemployment prior to April 30, 1975.

At first blush it appears she is probably correct—R. C. 3319.11 seems to require such a recommendation before the local board can act. In relevant part this Section states:

"Any teacher employed under a limited contract, and not eligible to be considered for a continuing contract, is, at the expiration of such limited contract, deemed reemployed under the provisions of this section at the same salary plus any increment provided by the salary schedule unless the employing board, acting on the superintendent's recommendation as to whether or not the teacher should be re-employed, gives such teacher written notice of its intention not to re-employ him on or before the thirtieth day of April. * * *''

Plaintiff admits she was given notice in writing and within the time prescribed by the above requirement. Defendant admits the county superintendent failed to make any recommendation with respect to reemployment of this teacher. But the board maintains this does not preclude

said refusal to rehire her. In a case remarkably similar, to the instant case, *Justus* v. *Brown* (1975), 42 Ohio St. 2d 53, a unanimous Supreme Court affirmed a trial court's decision in granting a motion for summary judgment in favor of an exempted village school district. The plaintiff, in *Justus,* was employed under a limited contract and at a regular board meeting (Perrysburg Exempted Village School District) the superintendent refused to make a recommendation concerning reemployment of said plaintiff. The board then voted unanimously not to rehire. Our Supreme Court approved this procedure, and having in mind R. C. 3319.07 and 3319.11, as revealed in *Justus, supra,* at page 59, had this comment:

"The two sections quoted above make it abundantly clear that in order for a teacher, in appellant's position, under the facts of this case, to be reemployed on a continuing contract, she must be recommended for reemployment by the superintendent. Where, as in this case, the superintendent made no recommendation, then under R. C. 3319.07 the board could have overriden his non-recommendation by a three-fourths vote of the full membership. Obviously, the Perrysburg board of education did not want to reemploy appellant and therefore voted unanimously against her reemployment."

The Supreme Court in *Justus, supra,* cites with approval certain parts and observations, of the Sixth District Court of Appeals. In fact the Supreme Court said: "We are in agreement with * * *":

" '* * * To interpret this legislative enactment as contended by appellant would permit the superintendent to exercise exclusive control over re-employment of such teacher and would completely destroy the power of the board of education to perform its duties; such interpretation is strained and fails to carry out the purpose of the statute.' "

Next to the last paragraph in *Justus* reads: "It is our holding that the ultimate responsibility for employing teachers rests upon the board of education under R. C. 3319.07 and 3319.11."

Counsel for plaintiff argues that the *Justus case, supra,*

is not applicable herein since different factual situations exist. Careful study reveals to this court that only two slight factual distinctions of any possible relevancy do exist. First, that case involved an exempted village school district in which the recommendation for reemployment is made by the village superintendent rather than the county superintendent as in the case of defendant, a local school district. Both procedures, however are identical and contained in the same statute, R. C. 3319.07. Secondly, the plaintiff in *Justus* was eligible for a continuing contract, while the plaintiff here is not. Again the procedure is identical and governed by a single statute, R. C. 3319.11.

The authority which the General Assembly has conferred on boards of education is very sweeping in character and it has even been said that under the present school laws boards of education are given almost unlimited powers. *Stinson* v. *Bd. of Education* (1923), 17 Ohio App. 437. Also see 48 Ohio Jurisprudence 2d, at page 780. The teacher's tenure law—now R. C. 3319.08 to 3319.18—was originally enacted in 1941 and modeled after similar acts in other states, particularly those of Pennsylvania and Indiana. Often a study of cases of such other jurisdictions will reveal helpful reasoning and precedent. The aim of such teacher's law is not to secure absolute permanence of tenure to teachers eligible for continuing service status but to afford to them continuity of service and at the same time to provide an orderly procedure for the termination or suspension of such contract.

In another comparatively recent case on the issue herein involved, *Delong* v. *Board of Edn.* (1973), 36 Ohio St. 2d 62, the Supreme Court unanimously held that R. C. 3319.07 makes it clear that the ultimate responsibility for employing teachers rests with the board of education, and R. C. 3319.11 carefully preserves the board's right to have the final say in all reemployment situations.

For the reasons stated herein, summary judgment is granted for defendant, Board of Education, Ontario Local School District against plaintiff as requested by movant.

*Motion for summary judgment granted.*