THE STATE, EX REL. PAUL, APPELLANT, *v*. BOARD OF EDUCATION OF THE VAN BUREN LOCAL SCHOOL DISTRICT, APPELLEE.

(No. 75-15—Decided October 8, 1975.)

6

Mr. John T. Patterson, for appellant.

Messrs. Hinton, Noble & Bryant, Mr. Carl Wm. Hinton, Means, Bichimer, Burkholder & Baker, L. P. A., Mr. Robert T. Baker and Mr. Nicholas A. Pittner, for appellee.

Per Curiam. Relator urges nine propositions of law for this court's consideration. Essentially, his argument is that his employment contract with respondent was void and he was, therefore, employed under a year-to-year contract, and that, after the second year of that employment, he became, by virtue of previously attained continuing status in the Findlay City School District, automatically reemployed under a continuing contract.

The Court of Appeals found, however, that the contract between relator and respondent "provided for a three year period * * * and is not ambiguous, uncertain or indefinite," and that the contract had been fully performed.

The issue, therefore, is whether relator could obtain automatic tenure while teaching under an existing limited contract of employment.

Relator became eligible for a continuing contract after his second year of employment by the Van Buren local schools.[3] But that eligibility came into existence during the

---

[3] See R. C. 3319.11, which provides, inter alia:

"Teachers eligible for continuing service status in any school district shall be those teachers qualified as to certification, who within the last five years have taught for at least three years in the district, and those teachers who, having attained continuing contract status elsewhere, have served two years in the district, but the board of education, upon the recommendation of the superintendent of schools, may

term of his three-year contract with respondent board. His status could not be changed unilaterally until the contract had expired. At no time was relator ever offered a continuing contract by respondent. He was offered, and he accepted and taught under, a three-year contract. In fact, relator's employment was terminated at the earliest time it was possible for respondent to change his status. See *Justus* v. *Brown* (1975), 42 Ohio St. 2d 53.

Relator, never having acquired a continuing contract from respondent board of education, has not shown any clear right to the relief he requests. The judgment of the Court of Appeals is, therefore, affirmed.

*Judgment affirmed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.

---

at the time of employment or at any time within such two-year period, declare any of the latter teachers eligible.

"Upon the recommendation of the superintendent that a teacher eligible for continuing service status be re-employed, a continuing contract shall be entered into between the board and such teacher unless the board by a three-fourths vote of its full membership rejects the recommendation of the superintendent. * * *.

"* * *

"A limited contract may be entered into by each board with each teacher who has not been in the employ of the board for at least three years and shall be entered into, regardless of length of previous employment, with each teacher employed by the board who holds a provisional or temporary certificate.

"* * *

"The failure of a superintendent of schools to make a recommendation to the board of education under any of the conditions set forth in this section, or the failure of the board of education to give such teacher a written notice pursuant to this section shall not prejudice or prevent a teacher from being deemed re-employed under either a limited or continuing contract as the case may be under the provisions of this section."