SHANKLE, APPELLANT, *v.* BD. OF EDUCATION OF ONTARIO
LOCAL SCHOOL DIST. ET AL., APPELLEES█

(No. CA-1596—Decided February 4, 1977.)

*Mr. Harry M. Welsh,* for appellees.
*Messrs. Lucas, Prendergast, Albright, Gibson, Brown & Newman, Mr. Peter J. Gee,* and *Mr. Robert J. Walter,* for appellant.

DOWD, J. The issue presented by this appeal is whether the plaintiff could obtain continuing contract status as a non-teaching employee while employed under an existing limited contract of employment.

The plaintiff was hired by the defendant Board of Education of the Ontario Local School District on February 8, 1973, and worked 102 days as a non-teaching employee in the school year which terminated June 30, 1973. Plaintiff was then offered and accepted a one year contract beginning July 1, 1973. Subsequently he was offered and ac-

42

cepted a two year limited contract for the period commencing July 1, 1974, and expiring June 30, 1976. On April 23, 1976, the defendant Board of Education, apparently believing the plaintiff had not attained continuing contract status, notified the plaintiff that his employment as a custodian for the school district would be terminated on June 30, 1976. No statutory cause (R. C. 3319.081[C]) was advanced in support of the termination.

The plaintiff in reliance upon the provisions of R. C. 3319.081(A), contends that because of his continuing employment beginning with the first day of July 1975, he became an employee enjoying continuing contract status as provided by R. C. 3319.081(B) and subject to discharge for cause only under R. C. 3319.081(C).[2] R. C. 3319.081(A), and (B), provides:

"(A) Newly hired regular nonteaching school employees, including regular hourly rate and per diem employees, shall enter into written contracts for their employment which shall be for a period of not more than one year. If such employees are rehired, their subsequent contracts shall be for a period of two years.

"(B) After the termination of the two-year contract provided in division (A) of this section, if the contract of a nonteaching employee is renewed, the employee shall be continued in employment, and the salary provided in the contract may be increased but not reduced unless such reduction is a part of a uniform plan affecting the nonteaching employees of the entire district."

The defendant board of education contends that the plaintiff had not attained continuing contract status when notified that he would not be reemployed on the premise that the employment of 102 days from February 8, 1973,

[2]R. C. 3319.081(C) provides in pertinent part:
"The contracts as provided for in this section may be terminated by a majority vote of the board of education. Such contracts may be terminated only for violation of written rules and regulations as set forth by the board of education or for incompetency, inefficiency, dishonesty, drunkenness, immoral conduct, insubordination, discourteous treatment of the public, neglect of duty, or any other acts of misfeasance, malfeasance, or nonfeasance. * * *"

through June 30, 1973, does not count toward attaining continuing contract status pursuant to R .C. 3319.081(A) and (B) with reliance upon 1968 Ohio Atty. Gen. Op. 2-131, 68-095, and the definition of a school year as found in R. C. 3319.09.

The plaintiff contends that the 102 days of employment in 1973 satisfied the requirement for the first year of employment pursuant to R C. 3319.081(A) and thus plaintiff became eligible on July 1, 1973, for a two year contract. Thus, his continued employment beyond the conclusion of the two year contract period ending June 30, 1975 (which he contends he was entitled to as of July 1, 1973) confirmed upon him continuing contract status. The above facts were stipulated in cross motions for summary judgment upon plaintiff's complaint for declaratory judgment and a writ of mandamus or mandatory injunction. The Richland County Common Pleas Court sustained the defendant's motion for summary judgment and overruled the plaintiff's motion for summary judgment by judgment entry without an opinion.

We affirm on the authority of *State, ex rel. Paul,* v. *Bd. of Education* (1975), 44 Ohio St. 2d 5. *Paul* involves the issue of continuing contract status for a teacher who had previously been employed under a continuing contract with another school board. Such a teacher, upon being employed in another school district obtains, pursuant to R. C. 3319.11, eligibility for continuing contract status upon being employed for two years so that his *subsequent re-employment* grants him continuing contract status or tenure. *Paul,* having previously attained continuing contract status in another district, entered into a limited contract for a period of three years with another board of education. At the conclusion of the three year period, the employing board of education chose not to reemploy *Paul* who contested that action by an action in mandamus contending that his continuing employment into the third year of his limited contract period granted him continuing contract status as a matter of law. *Paul* was denied relief as the Ohio Supreme Court held, at page 6:

> *"The issue, therefore, is whether relator could obtain*

*automatic tenure while teaching under an existing limited contract of employment.*

"Relator became eligible for a continuing contract after his second year of employment by the Van Buren local schools. But that eligibility came into existence during the term of his three-year contract with respondent board. His status could not be changed unilaterally until the contract had expired. At no time was the relator ever offered a continuing contract by respondent. He was offered, and he accepted and taught under, a three-year contract. In fact, relator's employment was terminated at the earliest time it was possible for respondent to change his status. See *Justus* v. *Brown* (1975), 42 Ohio St. 2d 53.

"Relator, never having acquired a continuing contract from respondent board of education, has not shown any clear right to the relief he requests. The judgment of the Court of Appeals is, therefore, affirmed." (Emphasis added.)

We find the issue herein to be the same—*i. e.*, whether Shankle, the plaintiff, could obtain automatic tenure while working under an *existing limited contract* of employment.

We hold that *Paul* stands for the proposition that a school employee, certificated or non-certificated, does not attain continuing contract status during the period of a limited contract voluntarily entered into by the employee where eligibility did not exist at the outset of the period covered by the limited contract. In so finding, we overrule both assignments of error and affirm the judgment of the Court of Common Pleas of Richland County.

*Judgment affirmed.*

RUTHERFORD, P. J., and PUTMAN, J., concur.