MILLER, APPELLEE, *v.* WAYNE COUNTY JOINT VOCATIONAL SCHOOL DISTRICT BOARD OF EDUCATION, APPELLANT.

(No. 1641—Decided July 16, 1980.)

*Green, Schiavoni, Murphy, Haines & Sgambati Co., L.P.A.,* and *Mr. Ronald G. Macala,* for appellee.

*Messrs. Logee, Hostetler, Stutzman & Broehl, Mr. F. Emerson Logee* and *Mr. Mark W. Baserman,* for appellant.

MAHONEY, J.   The school board appeals the trial court's summary judgment order requiring it to hire plaintiff-appellee, Barry Miller, on a continuing contract with back pay, even though the board did not vote by a three-fourths majority to rehire him over the superintendent's recommendation that he not be rehired. We reverse.

### *Facts*

Miller taught English for the Wayne County Joint Vocational School District Board of Education, appellant here, for three years. On April 23, 1979, the superintendent of schools recommended to the school board that Miller's contract not be renewed. The board took two votes as a result of the superintendent's negative recommendation. A motion to "ac-

cept" the recommendation was defeated by a vote of four-to-four. A motion to override the recommendation was also defeated by a vote of four-to-four. On April 24, 1979, the board notified Miller of its decision not to reemploy him.

In his complaint, Miller alleged two claims. First, he alleged that appellant failed to follow proper procedures under R. C. 3319.11 in attempting to not renew his contract. Secondly, he alleged that the nonrenewal constituted punishment for the exercise of his First and Fourteenth Amendment rights.

## Discussion

### Assignment of Error No. I

"The trial court erred in awarding appellee summary judgment."

Miller, having taught three of the previous five years in the district, was eligible for continuing service status pursuant to R. C. 3319.11. That statute also provides the following with respect to those teachers who are eligible for continuing service contracts:

"Upon the recommendation of the superintendent that a teacher eligible for continuing service status be re-employed, a continuing contract shall be entered into between the board and such teacher unless the board by a three-fourths vote of its full membership rejects the recommendation of the superintendent. * * * "

Effective October 17, 1961, R. C. 3319.11 was amended (see 129 Ohio Laws 1207-1208) to reflect the following:

"The failure of a superintendent of schools to make a recommendation to the board of education under any of the conditions set forth in this section, * * * shall not prejudice or prevent a teacher from being deemed re-employed under either a limited or continuing contract as the case may be under the provisions of this section."

The effect of this amendment was to nullify the requirement that a teacher must be recommended by the superintendent to continue his employment.

Miller insists that R. C. 3319.11 applies to his situation. He alleges that, since the board failed to accept the superintendent's negative motion by a majority of its nine members, i.e., by five votes, his right to reemployment under R. C. 3319.11

was not extinguished. Finding no mention at all in R. C. 3319.11 of the proper procedure to be followed when a superintendent recommends that a teacher not be reemployed, we reject Miller's contention.

R. C. 3319.07 provides, in part, that:

" * * * In city and exempted village districts no teacher or principal shall be employed unless such person is nominated by the superintendent of schools of such district. Such board of education, by a three-fourths vote of its full membership may re-employ any teacher whom the superintendent refuses to appoint. * * * "

In *Justus* v. *Brown* (1975), 42 Ohio St. 2d 53, the court analyzed the interplay of R. C. 3319.07 and 3319.11. R. C. 3319.07 provides that three-fourths of the board may vote to reemploy a teacher whom the superintendent refuses to appoint. R. C. 3319.11 provides that three-fourths of the board may vote *not* to reemploy a teacher whom the superintendent recommends for reemployment.

We analogize the situation where a superintendent refuses to appoint under R. C. 3319.07 with the situation presented here, where the superintendent actually recommends that a teacher not be rehired. Thus, in order to reemploy a teacher whom the superintendent recommends not be reemployed, the board must muster a three-fourths vote in favor of reemployment. Here, only four out of nine members voted to reemploy Miller. Therefore, the force of the superintendent's negative recommendation was not overcome, and Miller's contract was properly not renewed under R. C. 3319.07.

### Assignment of Error No. II

"The trial court was without authority to order the employment of appellee under a continuing contract and to award back pay."

Upon granting summary judgment for Miller, the trial court issued an entry reinstating him under a limited contract. However, the judge then issued a second judgment entry, *nunc pro tunc,* which corrected the former entry and ordered Miller reinstated under a continuing contract with full back pay. Appellant alleges that if Miller should have been reinstated, he should have been reinstated under a limited contract, if at all. We agree.

Under R. C. 3319.11, a board has two options with reference to rehiring a teacher eligible for a continuing service contract. It can issue such a contract, or it can rehire the teacher under a limited contract, for no more than two years. See *State, ex rel. Hura,* v. *Bd. of Edn.* (1977), 51 Ohio St. 2d 19, 21-22; *State, ex rel. Farley,* v. *Bd. of Edn.* (1959), 169 Ohio St. 388, 391-92.

Here, the board did not comply with the letter of R. C. 3319.11 because it failed to notify Miller by April 30th that it intended to reappoint him to a limited contract. However, it did inform Miller by April 30th of its intention not to reemploy him at all. This timely notice substantially complied with R. C. 3319.11.

" * * * Thus, having chosen not to re-employ * * * [Miller], the board took effective action preventing * * * [Miller] from automatically being deemed re-employed under a continuing contract pursuant to R. C. 3319.11." *State, ex rel. Hura,* v. *Bd. of Edn., supra,* at 22.

Thus, had we found that the board failed to employ proper procedures in not renewing Miller's contract, a limited contract, not a continuing contract, would have been the appropriate relief. To force the board to hire a teacher on a continuing contract under these circumstances would be to deprive the school board of the ability to hire experienced and qualified teachers and to impair its flexibility to cope with the ever-changing economic and social conditions of the school district. *State, ex rel. Hura,* v. *Bd. of Edn., supra,* at 24.

Thus, had the board erred in not renewing Miller's contract, we would have found that Miller was entitled to a one-year limited contract for the 1979-80 school year; and, Miller would have been entitled to pay for that year, less mitigated damages. 35 Ohio Jurisprudence 2d, Master and Servant, Section 51.

## Summary

We find that the board followed proper procedures in not renewing Miller's teaching contract. We reverse the judgment of the Court of Common Pleas of Wayne County and remand this cause for further proceedings according to law.

The judgment is reversed.

*Judgment reversed.*

VICTOR, P. J., and HUNSICKER, J., concur.

HUNSICKER, J., retired, of the Ninth Appellate District, was assigned to active duty under authority of Section 6(C), Article IV, Constitution.