OPINIONS OF THE SUPREME COURT OF OHIO
     The full texts of the opinions of the Supreme Court of
Ohio are being transmitted electronically beginning May 27,
1992, pursuant to a pilot project implemented by Chief Justice
Thomas J. Moyer.
     Please call any errors to the attention of the Reporter's
Office of the Supreme Court of Ohio.  Attention:  Walter S.
Kobalka, Reporter, or Deborah J. Barrett, Administrative
Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010.
Your comments on this pilot project are also welcome.
     NOTE:  Corrections may be made by the Supreme Court to the
full texts of the opinions after they have been released
electronically to the public.  The reader is therefore advised
to check the bound volumes of Ohio St.3d published by West
Publishing Company for the final versions of these opinions.
The advance sheets to Ohio St.3d will also contain the volume
and page numbers where the opinions will be found in the bound
volumes of the Ohio Official Reports.


Gerner, Appellant, v. Salem City School District Board of
Education, Appellee.
[Cite as Gerner v. Salem City School Dist. Bd. of Edn.
(1994),     Ohio St.3d     .]
Schools -- Teachers -- When board of education fails to
     adequately describe circumstances that led to its decision
     not to reemploy a teacher, court in an appeal under R.C.
     3319.11(G)(7) may award teacher back pay.
When a board of education violates R.C. 3319.11(G)(2) by failing
     to adequately describe the circumstances that led to its
     decision not to reemploy a teacher, a court in an appeal
     under R.C. 3319.11(G)(7) may award the teacher back pay
     until the board provides an adequate statement of
     circumstances.
     (No. 92-2520 -- Submitted January 12, 1994 -- Decided
April 27, 1994.)
     Appeal from the Court of Appeals for Columbiana County,
No. 91-C-33.
     Appellant, Virginia Gerner, was employed as a certified
public school teacher by the Salem City School District Board
of Education under a limited contract of employment for the
school years 1987-1988, 1988-1989, and 1989-1990.
     On April 20, 1990, the Superintendent of Schools wrote the
President of the Board recommending that the board not renew
Gerner's limited teaching contract for the 1990-1991 school
year.  The board followed the superintendent's advice and, in a
letter dated April 24, 1990, informed Gerner that her contract
would not be renewed for the coming school year.  Paragraph one
of the letter stated, "Please be advised that at its regular
meeting of April 23rd, 1990 the Board of Education of Salem
City Schools took action to non-renew your contract for the
90/91 school year in accordance with the provisions of the Ohio
Revised Code."  The remainder of the letter addressed insurance
benefits and other administrative matters.
     Gerner received the board's notice on April 25, 1990.
Seven days later she wrote the board and asked for an
explanation describing the circumstances that led to its
decision.  The board responded with this description:

"[T]he circumstances that led to the Board of Education's decision not to re-employ you are that, after the evaluation procedures required by O.R.C. 3319.11 were completed, the Superintendent recommended to the Board of Education that you not be re-employed, which recommendation the Board accepted at its meeting of April 23rd, 1990, and the Board of Education forwarded to you notice of it's [sic] action."

In a letter dated May 7, 1990, Gerner stated that she did not believe the board's description satisfied the requirements of R.C. 3319.11(G)(2). She repeated her request for the board to describe the circumstances that led to its decision and exercised her right under R.C. 3319.11(E) to request a hearing before the board.

The board held a hearing in executive session on May 21, 1990. Gerner and her representative presented a statement to the board concerning the nonrenewal of her teaching contract. The board adjourned the hearing without asking any questions, making any statements, presenting any evidence, or calling any witnesses. Shortly thereafter, in a letter dated May 30, 1990, the board informed Gerner, without explanation, that it had affirmed its earlier decision not to renew her contract.

Gerner filed a complaint under R.C. 3319.11(G)(7) for injunctive and other relief in the Columbiana County Common Pleas Court, seeking a review of the board's decision. She alleged in her complaint that the board had failed to comply with the statutory procedures governing the nonrenewal of her limited contract of employment. Both parties filed motions for summary judgment.

Gerner argued in support of her motion for summary judgment that R.C. 3319.11(G)(2) required the board to describe the reason why her contract was not renewed and that the board's failure to do so was a violation of the statute.

The board argued that it did not have to explain why it made its decision. It argued that the use of the word "circumstances" in R.C. 3319.11(G)(2) rather than the word "reasons" meant that the board was required to describe only how it reached its decision. The board claimed that it met this requirement by advising Gerner that it had received and accepted the superintendent's recommendation regarding the nonrenewal of her contract.

The board arrived at its interpretation of R.C. 3319.11(G)(2) through an examination of the provision's legislative history. The board noted that the original language in the bill amending R.C. 3319.11 required a board of education to state "specific and detailed reasons" for its decision not to renew a teacher's limited teaching contract. The board further noted that this language was deleted from the final version of the bill and the word "circumstances" was substituted in its place, which, the board argued, rendered it unnecessary for the board to state why it did not renew Gerner's contract.

The trial court disagreed with the board's interpretation of R.C. 3319.11(G)(2). The court stated that the statute imposed a duty on the board to explain why it did not renew Gerner's contract. The court found that the board had provided no such explanation and that its failure to do so amounted to a procedural error in violation of the statute.

In its judgment entry, the court ordered the board to correct the procedural error by providing Gerner another written statement describing the circumstances that led to its decision and another hearing upon Gerner's request. The court did not order the Board to renew Gerner's contract or to pay her any salary or benefits.

Both parties appealed. Gerner appealed the trial court's decision refusing to order the board to reinstate her with back pay. The board cross-appealed on the issue of whether R.C. 3319.11(G)(2) required the board to tell Gerner why it chose to nonrenew her contract.

The court of appeals affirmed the decision of the trial court. The court held that the remedy of reemployment is not available for a violation of R.C. 3319.11(G)(2); it therefore declined to order the board to reemploy Gerner. On the issue raised by the board in its cross-appeal, the court held R.C. 3319.11(G)(7) limited the trial court's review of the board's decision to procedural issues. The court concluded that the trial court did not err by examining whether the board had adequately described the circumstances behind its decision to nonrenew Gerner's contract.

The cause is before this court pursuant to the allowance of a motion to certify the record.

Green, Haines, Sgambati, Murphy & Macala Co., L.P.A., Anthony P. Sgambati II and Barry Laine, for appellant.

Horning & Horning, Richard A. Horning and J. David Horning, for appellee.

Wright, J. We assume in this case that the statement of circumstances provided to appellant Gerner by the board is defective in that it does not meet the requirements of R.C. 3319.11(G)(2).1 We address only the remedial power of a court necessary to ensure that the board follows through on its obligation to provide a statement of circumstances that is not defective; that is, to ensure that it promptly corrects its error. The precise issue before us is whether in an appeal under R.C. 3319.11(G)(7) a court may either order the board to temporarily reinstate Gerner with back pay or grant an award of back pay alone, pending correction of the error. For the reasons that follow, we hold that a court may award back pay but may not order the board to reinstate Gerner. We therefore reverse in part the decision of the court of appeals.

Gerner claims that the relief granted by the trial court is inadequate because "it gave full effect to a non-renewal decision that *** was procedurally defective." She argues that R.C. 3319.11(G)(7) allows a court to order the board to temporarily reinstate her with back pay until the board corrects the defective statement of circumstances it provided her. If a court is not authorized to reinstate her with back pay, she argues that she may still be awarded back pay alone.

The procedures governing the nonrenewal of limited contracts of employment for teachers are set forth in R.C. 3319.11, a statute amended in 1988 by Am.Sub. H.B. No. 330, 142 Ohio Laws, Part II, 3356. Prior to the enactment of this bill, a board of education could decide not to renew a teacher's limited contract by merely providing notice of the decision on

or before April 30 of the year in which the contract was to expire.  A teacher working under a limited contract was not entitled to know the reasons why his or her contract was not renewed, nor was the teacher entitled to a hearing on the matter.  See Matheny v. Frontier Local Bd. of Edn. (1980), 62 Ohio St.2d 362, 16 O.O.3d 411, 405 N.E.2d 1041.  Since the enactment of Am.Sub. H.B. No. 330, R.C. 3319.11 has afforded limited-contract teachers some measure of protection with respect to the nonrenewal of their contracts, protections which are procedural in nature.2  These procedural protections include, among others, the right under R.C. 3319.11(G)(2) to receive a statement of circumstances and the right under R.C. 3319.11(G)(7) to appeal a board's decision.

A court in an appeal, however, "is limited to the determination of procedural errors and to ordering the correction of procedural errors."  R.C. 3319.11(G)(7) restricts the availability of the remedy of reemployment to two circumstances: a failure by a board of education to properly evaluate a teacher under R.C. 3319.111(A) and a failure to provide timely notice of the nonrenewal decision.  Unless one of these two circumstances is present, a court in an appeal may not invalidate a board's decision not to reemploy a teacher.

We find that the language in R.C. 3319.11(G)(7) described above clearly precludes a court from invalidating the board's decision and ordering the board to reinstate Gerner.  Here the board violated only the requirements of R.C. 3319.11(G)(2) and not the evaluation requirements of R.C. 3319.111(A) or the notice requirements of R.C. 3319.11(E).  Ordering the board to reinstate Gerner pending correction of the inadequate statement of circumstances provided her is equivalent to ordering the board to reemploy her, albeit temporarily.  R.C. 3319.11(G)(7) does not allow for such a result in this case.  We therefore hold that when a board of education provides an inadequate statement of circumstances to a teacher whose limited contract was not renewed and thereby violates R.C. 3319.11(G)(2), a court may not order the board to reinstate the teacher with back pay.

We do find, however, that R.C. 3319.11(G)(7) does not preclude an award of back pay under every circumstance.  The statute allows a court to "order[] the correction of procedural errors."  Implicit within this language is the authority for a court to fashion a means to enforce the statute, a remedy if you will.  As stated earlier, by amending R.C. 3319.11 the General Assembly evinced an intent to provide teachers holding limited contracts some measure of protection with respect to the nonrenewal of their contracts.  We do not find in the language of the statute a similar intent to divest a court of all power to see that a board of education in fact provides the protections contemplated by the statute.

Our finding in this regard does not contravene the limitations imposed on a court in an appeal under R.C. 3319.11(G)(7).  The limitations there are meant to preserve a board of education's ultimate authority over the employment of teachers in its school system.  They are not meant to impede a court's ability to otherwise enforce the procedural protection afforded those teachers under R.C. 3319.11(G)(2).  Awarding back pay to Gerner without reinstating her does not threaten

the authority vested in the board to ultimately decide whether to employ her as a teacher. It does, however, prompt the board to act diligently in providing Gerner an adequate statement of circumstances, which fulfills the purpose behind division (G)(2) of the statute.

For the reasons stated above, we hold that when a board of education violates R.C. 3319.11(G)(2) by failing to adequately describe the circumstances that led to its decision not to reemploy a teacher, a court in an appeal under R.C. 3319.11(G)(7) may award the teacher back pay until the board provides an adequate statement of circumstances.

We reverse in part the decision of the court of appeals and remand this cause to the trial court for a determination of the amount of back pay due Gerner.

Judgment reversed in part
and cause remanded.

Moyer, C.J., A.W. Sweeney, Douglas, Resnick, F.E. Sweeney and Pfeifer, JJ., concur.

FOOTNOTES:
1  We need not decide whether the board's description in this case was adequate under R.C. 3319.11(G) because the board did not appeal the decision of the court of appeals. We note, however, that the adequacy of the board's description is governed by the standards set forth by this court in Naylor v. Cardinal Local School Dist. Bd. of Edn. (1994), ___ Ohio St.3d ___. In Naylor, this court held that "R.C. 3319.11(G)(2) requires a board of education to provide a teacher under a limited contract a clear and substantive basis for its decision not to reemploy the teacher for the following school year." (Emphasis added.)  Id., paragraph three of the syllabus.

2  The version of R.C. 3319.11(G) in effect when this cause arose provided in part:

"(G)(1)  Any teacher receiving written notice of the intention of a board of education not to re-employ him pursuant to division (B), (C)(3), (D), or (E) of this section may, within ten days of the date on which he received the notice, file with the treasurer of the board of education a written demand for a written statement describing the circumstances that led to the board's intention not to re-employ the teacher.

"(2)  The treasurer of a board of education, on behalf of the board, shall, within ten days of the date on which he receives a written demand for a written statement pursuant to division (G)(1) of this section, provide to the teacher a written statement describing the circumstances that led to the board's intention not to re-employ the teacher.

"***

"(7)  A teacher may appeal an order affirming the intention of the board not to re-employ the teacher to the court of common pleas of the county in which the largest portion of the territory of the school district is located, within thirty days of the date on which the teacher receives the written decision, on the grounds that the board has not complied with the provisions of section 3319.11 or 3319.111 of the Revised Code.

"Notwithstanding section 2506.04 of the Revised Code, the

court in an appeal under this division is limited to the determination of procedural errors and to ordering the correction of procedural errors and shall have no jurisdiction to order a board to re-employ a teacher, except that the court may order a board to re-employ a teacher in compliance with the requirements of division (B), (C)(3), (D), or (E) of this section when the court determines that evaluation procedures have not been complied with pursuant to division (A) of section 3319.111 of the Revised Code or the board has not given the teacher written notice on or before the thirtieth day of April of its intention not to re-employ the teacher pursuant to division (B), (C)(3), (D), or (E) of this section. Otherwise, the determination whether to re-employ or not re-employ a teacher is solely a board's determination and not a proper subject of judicial review and, except as provided in this division, no decision of a board whether to re-employ or not re-employ a teacher shall be invalidated by the court on any basis, including that the decision was not warranted by the results of any evaluation or was not warranted by any statement given pursuant to division (G)(2) of this section.

"No appeal of an order of a board may be made except as specified in this division."