BOTKER, Appellee,

v.

WEST GEAUGA LOCAL SCHOOL DISTRICT
BOARD OF EDUCATION, Appellant.*

[Cite as *Botker v. W. Geauga Local School Dist.
Bd. of Edn.* (1992), 79 Ohio App.3d 428.]

Court of Appeals of Ohio,
Geauga County.

No. 91–G–1641.

Decided April 27, 1992.

---

* Reporter's Note: A motion to certify the record to the Supreme Court of Ohio was overruled
in (1992), 65 Ohio St.3d 1421, 598 N.E.2d 1171.

*Salvatore J. Falletta* and *Cornelius J. Baasten,* for appellee.

*David P. Joyce,* Geauga County Prosecuting Attorney, and *Forrest W. Burt,* Assistant Prosecuting Attorney, for appellant.

---

NADER, Judge.

This matter is before the court on appeal from the Geauga County Court of Common Pleas. Appellant, the West Geauga Local School District Board of Education, seeks to reverse the judgment of the lower court which ordered appellant to rehire appellee, Venetia B. Botker, to a one-year limited contract to teach.

This case arose from appellant's decision to non-renew appellee's teaching contract. This decision was made in April 1990, and appellee does not contest the fact that she received timely notice of the appellee's decision.

In the 1989–1990 school year, appellee received several evaluations dated November 17 and December 13, 1989, and March 15 and March 28, 1990.

Appellee brought an administrative-related appeal, pursuant to R.C. 3319.11, to challenge appellant's decision to non-renew. R.C. 3319.11(G)(7) limits the judiciary's power to review a school board's determination; it states, in pertinent part:

" * * * Notwithstanding section 2506.04 of the Revised Code, the court in an appeal under this division is limited to the determination of procedural errors and to ordering the correction of procedural errors and shall have no jurisdiction to order a board to re-employ a teacher, except that the court may order a board to re-employ a teacher in compliance with the requirements of division (B), (C)(3), (D), or (E) of this section when the court determines that evaluation procedures have not been complied with pursuant to division (A) of section 3319.111 of the Revised Code or the board has not given the teacher written notice on or before the thirtieth day of April of its intention not to re-employ the teacher pursuant to division (B), (C)(3), (D), or (E) of this section. Otherwise, the determination whether to re-employ or not re-employ a teacher is solely a board's determination and not a proper subject of judicial review and, except as provided in this division, no decision of a board whether to re-employ or not re-employ a teacher shall be invalidated by the court on any basis, including that the decision was not warranted by the results of any

evaluation or was not warranted by any statement given pursuant to division (G)(2) of this section.

"No appeal of an order of a board may be made except as specified in this division."

The clear intent of this section is to limit a court's review of this type of administrative-related appeal. Only two grounds, if proven by the appellant, would permit a reversal by the lower court: (1) the failure of the appellee to comply with division (A) of R.C. 3319.111; and (2) the failure of the appellee to give appellant timely notice of its intention to non-renew her contract (*i.e.,* notice prior to April 30, 1990). As noted above, appellee did not dispute the fact she received timely notice. Therefore, the only issue before the lower court (and now this court) is whether the appellee board complied with division (A) of R.C. 3319.111. This division reads:

"Any board of education that has entered into any limited contract or extended limited contract with a teacher pursuant to section 3319.11 of the Revised Code, except with a teacher who holds an internship certificate granted under division (A) of section 3319.282 of the Revised Code, shall evaluate such a teacher in compliance with the requirements of this section in any school year in which the board may wish to declare its intention not to re-employ him pursuant to division (B), (C)(3), (D), or (E) of section 3319.11 of the Revised Code.

"This evaluation shall be conducted at least twice in the school year in which the board may wish to declare its intention not to re-employ the teacher. One evaluation shall be conducted and completed not later than the first day of February and the teacher being evaluated shall receive a written report of the results of this evaluation not later than the tenth day of February. One evaluation shall be conducted and completed between the first day of March and the first day of April and the teacher being evaluated shall receive a written report of the results of this evaluation not later than the tenth day of April.

"Any evaluation conducted pursuant to this section shall be conducted by one or more of the following:

"(1) A person who is under contract with a board of education pursuant to section 3319.01 or 3319.02 of the Revised Code and holds at least one certificate named in division (F), (G), (H), (J), (L), or (N) of section 3319.22 of the Revised Code;

"(2) A person who is under contract with a board of education pursuant to section 3319.02 of the Revised Code and holds either an educational administrative specialist certificate in the area of vocational directorship pursuant to

division (O) of section 3319.22 of the Revised Code or a supervisor certificate for supervision in any educational area for which the state board of education issues such a certificate pursuant to division (I) or (K) of section 3319.22 of the Revised Code;

"(3) A person designated to conduct evaluations under an agreement providing for peer review entered into by a board of education and representatives of teachers employed by that board."

From this division we find that the following procedures must be complied with:

1. The teacher must be evaluated at least twice during the school year.

2. The first evaluation must be done not later than the first day of February.

3. The teacher must receive a written report not later than the tenth day of February.

4. A second evaluation must be done between the first day of March and the first day of April.

5. The teacher must receive a written report of the second evaluation not later than the tenth day of April.

6. The person who conducts the evaluation must meet one of the three criteria enumerated in R.C. 3319.111(A).

Appellee raises no challenge to the qualifications of her evaluator. Further, the facts establish that appellee received *four* evaluations, and the written reports were received by her in a timely manner (*i.e.*, on December 4, January 12, March 22, and April 6). Accordingly, the trial court erred in holding as it did and its judgment must be reversed.

■ Appellee argues, and the lower court found, that division (A) of R.C. 3319.111 incorporates, by reference, division (B) of that section. The language to which appellee refers states, in pertinent part:

"Any board of education that has entered into any limited contract * * * with a teacher * * * shall evaluate such a teacher in compliance with the requirements of this section * * *."

Appellee argues that the logical result of this language is that, if the board fails to comply with division (B) of R.C. 3319.111, she is entitled to reemployment pursuant to R.C. 3319.11(G)(7). This argument is flawed in two ways.

■ First, it ignores the language of R.C. 3319.11(G)(7), which permits the remedy of reemployment when division *(A)* of R.C. 3319.111 has not been observed. As appellee points out, when the legislature means "section" the legislature uses the word "section." We will not substitute our words for

those written in the statute when the statute's words can be read in a consistent and logical manner.

This brings us to the second point: appellee fails to recognize the distinction between the appellant board's *duty* under R.C. 3319.111 and the judiciary's *scope of review on appeal,* as defined by R.C. 3319.11(G)(7). The former is more broad than the latter. Division (A) of R.C. 3319.111 defines the board's duties. These duties, pursuant to division (A), include those listed in divisions (B) and (C) of the code section. Presumably, these duties are enforceable by means other than an administrative-related appeal (*e.g.,* mandamus or declaratory judgment).

The judiciary's scope of review, however, has been limited by statute to only those requirements of division (A), and timely notice of the board's decision, prior to April 30.

This analysis permits these code provisions to be read consistently: appellee would have us ignore R.C. 3319.11(G)(7) to achieve a result that is favorable to her; this we decline to do.

In light of the foregoing, the appellant's assignment of error is found to be with merit. The judgment of the common pleas court is reversed and final judgment is entered in favor of appellant. Costs assessed to appellee.

*Judgment reversed.*

CHRISTLEY, P.J., concurs.

MAHONEY, J., dissents.

JOSEPH E. MAHONEY, Judge, dissenting.

I respectfully dissent from the foregoing opinion because the majority's reasoning regarding R.C. 3319.11 is flawed.

The majority correctly points out that, pursuant to R.C. 3319.11(G)(7), an appeal to the common pleas court is limited to the determination of procedural errors, and the court does not have jurisdiction to order a board to reemploy a teacher unless the court determines that the evaluation procedures have not been complied with pursuant to division (A) of R.C. 3319.111. Division (A) of that section addresses the issues of the number of evaluations that must be performed, the timing of those evaluations, and the identity of the evaluator.

A close look at the first paragraph of R.C. 3319.111(A), however, reveals the following language:

"Any board of education that has entered into any limited contract or extended limited contract with a teacher pursuant to section 3319.11 of the Revised Code, * * * shall evaluate such a teacher in compliance with the

requirements of this *section* in any school year in which the board may wish to declare its intention not to reemploy him pursuant to division (B), (C)(3), (D), or (E) of section 3319.11 of the Revised Code." (Emphasis added.)

It is clear that "section," as used in a statute, refers to all divisions within that statute. Therefore, the plain language of the statute mandates that a teacher be evaluated in compliance with the requirements of all divisions of R.C. 3319.111, which includes (A), (B), and (C).

R.C. 3319.111(B) provides, in pertinent part:

"Any board of education evaluating a teacher pursuant to this section shall adopt evaluation procedures that shall be applied each time a teacher is evaluated pursuant to this section. These evaluation procedures shall include, but not be limited to:

" * * *

"(3) A written report of the results of the evaluation that includes specific recommendations regarding any improvements needed in the performance of the teacher being evaluated and regarding the means by which the teacher may obtain assistance in making such improvements."

The majority suggests that it is following the plain meaning of the language in the statute and that it is unwilling to substitute its words for those written in the statute. It is clear, however, that the majority is misguided in that it is, in fact, substituting its words for those written by the legislature.

Once the trial court determined that R.C. 3319.111(B)(3) had not been complied with—which is a requirement under R.C. 3319.111(A)—then it had the authority to order the reemployment of the teacher pursuant to R.C. 3319.11(G)(7).

Based on the plain meaning of the language in the statutes in question, this is the only logical outcome. If the legislature determines that it meant to limit the common pleas court's authority to order the reemployment of a teacher if one of the procedures outlined in R.C. 3319.111(A) is not followed, it can change the language in R.C. 3319.111(A) to:

"Any board of education that has entered into any limited contract * * * with a teacher pursuant to section 3319.11 of the Revised Code, * * * shall evaluate such a teacher in compliance with the requirements of this *division* * * * *."

The language used in the present version of R.C. 3319.111(A) is clear on its face and should not be interpreted in a manner inconsistent with its plain meaning.

For the foregoing reasons, I would affirm the decision of the trial court, and I must, therefore, respectfully dissent.