[This opinion has been published in *Ohio Official Reports* at 69 Ohio St.3d 156.]

FARMER, APPELLEE, *v*. KELLEYS ISLAND BOARD OF EDUCATION, APPELLANT.

[Cite as *Farmer v. Kelleys Island Bd. of Edn.*, 1994-Ohio-23.]

*Schools—Teachers—R.C. 3319.11(G)(7) provides an exhaustive list of grounds upon which a court orders a teacher to be reemployed—R.C. 3319.111(B) defines evaluation procedures required under former R.C. 3319.111(A)—Requirements for proper evaluation—Failure of board of education to comply with observation requirements of R.C. 3319.111(B)(2) constitutes a failure to comply with evaluation requirements of R.C. 3319.111(A)—Back pay of teacher whose contract was not properly nonrenewed begins to accumulate, when.*

1. R.C. 3319.11(G)(7) provides an exhaustive list of those grounds upon which a court orders a teacher to be reemployed.

2. R.C. 3319.111(B) defines the evaluation procedures required under former R.C. 3319.111(A). A proper evaluation under former R.C. 3319.111(A) contains all the elements delineated in R.C. 3319.111(B), including the observation requirements listed in R.C. 3319.111(B)(2).

3. The failure of a board of education to comply with the observation requirements of R.C. 3319.111(B)(2) constitutes a failure to comply with the evaluation requirements of 3319.111(A). Such a failure constitutes a ground upon which a court reverses a board of education's decision not to reemploy the teacher according to R.C. 3319.11(G)(7).

4. If a court determines that a board of education has failed to comply with the evaluation procedures required by former R.C. 3319.111(A), the teacher whose contract was not properly nonrenewed is entitled to back pay. This back pay begins to accumulate when the board improperly chose not to renew the teacher's contract.

(No. 93-441—Submitted November 9, 1993—Decided April 27, 1994.)

Certified by from the Court of Appeals for Erie County, No. E-92-1.

———————————

{¶ 1} During the 1990-1991 school year, Donna Farmer was employed under a one-year limited teaching contract with the Kelleys Island Board of Education ("the board").

{¶ 2} Charles Hoffman, Director of Instruction for the Erie County Board of Education and Kelleys Island Board of Education representative, conducted an evaluation of Farmer. Hoffman observed Farmer on four occasions during the 1990-1991 school year: October 10, January 22, March 12 and March 22. Four written evaluations were prepared and provided to Farmer—one for each occasion that Hoffman observed her. Additionally, a summary report was provided to Farmer on April 10, 1991.

{¶ 3} On the same day, Erie County school superintendent, Richard Acierto, recommended that Farmer's contract be renewed.

{¶ 4} On April 15, 1991, Farmer was informed by the board that it would not renew her contract for the 1991-1992 school year. Following a hearing on June 7, 1991, the board informed Farmer that it had reaffirmed its decision to not renew her contract.

{¶ 5} The Court of Common Pleas of Erie County reversed the board's decision by holding that Farmer had been improperly terminated. The court ordered that Farmer be reinstated and be awarded back pay.

{¶ 6} The court of appeals affirmed the common pleas court's decision, and on the basis of a conflict between its own decision and two decisions announced by the Court of Appeals for Geauga County: *Botker v. W. Geauga Local School Dist. Bd. of Edn*. (1992), 79 Ohio App.3d 428, 607 N.E.2d 529, and *Naylor v. Cardinal Local School Dist Bd. of Edn*. (1992), Case No. 91-G-1629, unreported, certified the record of the case to this court for review and final determination.

_____

*Kalniz, Iorio & Feldstein, Ted Iorio* and *Ronald L. Rahal,* for appellee.

*Means, Bichimer, Burkholder & Baker Co., L.P.A.,* and *Kimball H. Carey;* and *Terry R. Griffith, Erie County Prosecuting Attorney,* for appellant.

*Richard J. Dickinson,* urging reversal for *amicus curiae,* Ohio School Boards Association.

_____

**Pfeifer, J.**

**{¶ 7}** This case addresses the procedures to be followed, under R.C. 3319.11 and 3319.111, before a board of education can decide not to renew the limited contract between itself and a teacher.

I

**{¶ 8}** Farmer contends that when Superintendent Acierto recommended that her contract be renewed, the board had no authority to decline to renew the contract. We disagree.

**{¶ 9}** In support of her contentions, Farmer cites R.C 3319.11(E), which provides:

"Any teacher employed under a limited contract and not eligible to be considered for a continuing contract, is, at the expiration of such limited contract, considered reemployed under the provisions of this division at the same salary plus any increment provided by the salary schedule unless evaluation procedures have been complied with *** and the employing board, acting upon the superintendent's written recommendation that the teacher not be reemployed, gives such teacher written notice of its intention not to reemploy him on or before the thirtieth day of April."

**{¶ 10}** Farmer contends that the phrase "acting upon the superintendent's written recommendation that the teacher not be reemployed" precludes the board

from terminating a teacher when a superintendent recommends that a teacher be reemployed.

{¶ 11} Farmer asks us to interpret R.C. 3319.11(E) as a legislative attempt to overturn the long-standing rule of this court that "[t]he ultimate responsibility for employing teachers rests upon the board of education under R.C. 3319.07 and 3319.11." *Justus v. Brown* (1975), 42 Ohio St.2d 53, 71 O.O.2d 35, 325 N.E.2d 884, paragraph one of syllabus. If this were the intent of the General Assembly, it would have expressly said so. Accordingly, we reject Farmer's contention that the superintendent's recommendation to renew Farmer's contract vetoed the board's unanimous decision not to renew the contract.

II

{¶ 12} Farmer also contends that we should order the board to reemploy her because the board did not follow the proper evaluation procedures required by R.C. 3319.111.

{¶ 13} R.C. 3319.11(G)(7) limits the scope of appeal available to teachers whose contracts have not been renewed by boards of education. The statute provides, in relevant part:

"[T]he court in an appeal under this division is limited to the determination of procedural errors and to ordering the correction of procedural errors and shall have no jurisdiction to order a board to reemploy a teacher, except that the court may order a board to reemploy a teacher in compliance with the requirements of division *** (E) of this section when the court determines that evaluation procedures have not been complied with pursuant to division (A) of section 3319.111 of the Revised Code ***."

{¶ 14} Former R.C. 3319.111(A) mandates that teachers employed by limited contracts be evaluated. The statute, at the time relevant to this case, required that "[t]his evaluation shall be conducted at least twice in the school year in which the board may wish to declare its intention not to re-employ the teacher. One

evaluation shall be conducted and completed not later than the first day of February and the teacher being evaluated shall receive a written report to the results of this evaluation not later than the tenth day of February. One evaluation shall be conducted and completed between the first day of March and the first day of April and the teacher being evaluated shall receive a written report of the results of this evaluation not later than the tenth day of April."

{¶ 15} R.C. 3319.111(B) defines the term "evaluation" used in former R.C. 3319.111(A). R.C. 3319.111(B) outlines specific procedures that boards of education must follow when evaluating teachers whose contracts the board ultimately decides not to renew. The statute provides:

"Any board of education evaluating a teacher pursuant to this section shall adopt evaluation procedures that shall be applied each time a teacher is evaluated pursuant to this section. These evaluations shall include, but not be limited to:

"(1) Criteria of expected job performance in the areas of responsibility assigned to the teacher being evaluated;

"(2) Observation of the teacher being evaluated by the person conducting the evaluation on at least two occasions for not less than thirty minutes on each occasion;

"(3) A written report of the results of the evaluation that includes specific recommendations regarding any improvements needed in the performance of the teacher being evaluated and regarding the means by which the teacher may obtain assistance in making such improvements." (Emphasis added.)

{¶ 16} R.C. 3319.111(B) requires that two observations be made for each of the two evaluations required under R.C. 3319.111(A). The statute, therefore, requires a two-to-one ratio of observations to written evaluations.

{¶ 17} Thus, using the time line delineated in R.C. 3319.111(A), the board needed to complete one evaluation of Farmer before February 1, 1991. Two observations should have also been performed for each evaluation occurring before

this date.  The record indicates that, by that date, the board had conducted only one observation for each of the two evaluations it had completed.  Thus, the board failed to fulfill the statutorily mandated two-to-one ratio of observations to written evaluations.

{¶ 18} The board contends that it is improper for a court to reverse the board's decision not to reemploy Farmer due to its failure to follow the observation requirements listed in 3319.111(B).  The board notes that the observation requirements appear in subsection (B) of R.C. 3319.111, but that R.C. 3319.11(G)(7) limits the grounds of appeal available to a teacher whose contract has not been renewed to when "evaluation procedures have not been complied with pursuant to division (A) of section 3319.111."  We disagree.

{¶ 19} R.C. 3319.111(B) defines the evaluation procedures required under former R.C. 3319.111(A).  A proper evaluation under former R.C. 3319.111(A) contains all the elements delineated in R.C. 3319.111(B), including the observation requirements listed in 3319.111(B)(2).

{¶ 20} The failure of the board to comply with the observation requirements of R.C. 3319.111(B)(2) constitutes a failure to comply with the evaluation requirements of former 3319.111(A).  Such a failure constitutes a ground upon which a court reverses the board's decision not to reemploy Farmer under to R.C.3319.11(G)(7).

III

{¶ 21} Finally, we address the relief Farmer is entitled to receive because of our finding that the trial court correctly ordered that she be reemployed as the result of the improper nonrenewal of her contract.  Farmer claims that she is entitled to back pay.  We agree.

{¶ 22} R.C. 3319.11(G)(7) provides that when a board of education improperly terminates a teacher by not complying with the evaluation procedures required by former R.C. 3319.111(A), a court should order the board to reemploy

the teacher. The statute does not state the effective date of this reemployment. We hold that if a court determines that a board of education has failed to comply with the evaluation procedures required by R.C. 3319.111(A), the teacher whose contract was not properly nonrenewed is entitled to back pay. This back pay begins to accumulate when the board improperly chose not to renew the teacher's contract.

{¶ 23} We award back pay because to hold to the contrary would produce an absurd result. A board could improperly terminate its employee, tie up the employee's case in the courts for years, and, consequently, realize significant savings for the salaries that it did not have to pay her during the pendency of the litigation. By awarding back pay, we eliminate any incentive for the dilatory conduct of the school board. We affirm the judgment of the court of appeals and remand the cause to the trial court to determine the amount of Farmer's damages.

*Judgment affirmed*
*and cause remanded.*

A.W. SWEENEY, DOUGLAS and F.E. SWEENEY, JJ., concur.

MOYER, C.J., WRIGHT and DESHLER, JJ., dissent.

DANA A. DESHLER, JR., J., of the Tenth Appellate District, sitting for RESNICK, J.

_____

**MOYER, C.J., dissenting.**

{¶ 24} "[A]n unambiguous statute means what it says." *Hakim v. Kosydar* (1977), 49 Ohio St.2d 161, 164, 3 O.O.3d 211, 213, 359 N.E.2d 1371, 1373 (citing *Chope v. Collins* [1976], 48 Ohio St.2d 297, 300, 2 O.O.3d 442, 444, 358 N.E.2d 573, 575, fn. 2). This maxim leads me to conclude that R.C. 3319.11(G)(7) permits the reinstatement of a limited contract teacher only when a court finds a violation of R.C. 3319.111(A). Accordingly, I respectfully dissent.

{¶ 25} R.C. 3319.11 and 3319.111 are remedial in nature and entitled to a liberal interpretation. Nevertheless, even the liberal interpretation of a statute does

not justify a court in reading into it a result that the language does not reasonably imply. *Szekely v. Young* (1963), 174 Ohio St. 213, 22 O.O.2d 214, 188 N.E.2d 424, paragraph two of the syllabus. R.C. 3319.11(G)(7) states in pertinent part: "[T]he court in an appeal under this division *** shall have no jurisdiction to order a board to reemploy a teacher, except *** when the court determines that evaluation procedures have not been complied with pursuant to division (A) of section 3319.111 of the Revised Code." R.C. 3319.111 enumerates the procedural requirements that school boards must follow in separate divisions, (A) and (B). I believe this separation was intentional. The clear import of the above-quoted language is that the General Assembly intended the remedy of reinstatement to be available only for violations of division (A), not for violations of division (B).

{¶ 26} If the General Assembly had intended reinstatement to be an available remedy for violations of division (B), it could have done so, quite clearly, in two ways. It could have deleted the words "division (A) of" from the above-quoted portion of R.C. 3319.11(G)(7). Else, it could have added the words "or (B)" to the same clause. Either method would have unequivocally made violations of division (B) grounds for reinstatement.

{¶ 27} A court must interpret a statute so as to give effect to every word in it. *See, e.g., E. Ohio Gas Co. v. Pub. Util. Comm.* (1988), 39 Ohio St.3d 295, 530 N.E.2d 875; *State ex rel. Bohan v. Indus. Comm.* (1946), 147 Ohio St. 249, 34 O.O. 151, 70 N.E.2d 888. The majority's interpretation effectively reads the words "division (A) of" out of R.C. 3319.11(G)(7). If the General Assembly had intended reinstatement to be a remedy for violations of R.C. 3319.111(B), it would have expressly said so. Because it did not, I respectfully dissent.

WRIGHT and DESHLER, JJ., concur in the foregoing dissenting opinion.

_____