[This opinion has been published in *Ohio Official Reports* at 71 Ohio St.3d 251.]

THOMAS, APPELLANT, *v*. BOARD OF EDUCATION OF THE NEWARK CITY

SCHOOL DISTRICT, APPELLEE.

[Cite as *Thomas v. Newark City School Dist. Bd. of Edn.*, 1994-Ohio-18.]

*Schools—Teachers—Evaluation of teachers under limited contract—Evaluator*

*complies with R.C. 3319.111(B)(3), when.*

(No. 93-256—Submitted November 2, 1994—Decided December 20, 1994.)

APPEAL from the Court of Appeals for Licking County, No. 92-CA-53.

_____

{¶ 1} Appellee, Newark City School District Board of Education, employed appellant Richard Thomas as a high school English teacher under a written limited contract for the 1990-1991 school year.  On November 16, 1990, Larry Roberts, the assistant principal for the Newark City School District, observed Thomas during one of Thomas' classes.  Roberts also observed Thomas while teaching a different class on November 27, 1990.

{¶ 2} Following these two observations, Roberts and Thomas each completed a performance checklist.  The performance checklists listed the abilities and characteristics essential to effective teaching, listed the strengths and weaknesses of Thomas as a teacher, and outlined goals for the remaining portion of the school year.  On his performance checklist, Roberts indicated that Thomas needed to make some improvements, which included the following:  "exhibit greater facility with content and facts," have "higher expectations for students," and "provide sufficient relevant activities to fill allotted class time."  Roberts also indicated on the checklist that Thomas assigned students "seatwork" to "compensate for poor planning."  On December 3, 1990, both Roberts and Thomas signed each performance checklist.

**{¶ 3}** Roberts next completed a written evaluation of Thomas. This initial evaluation described in detail Roberts' November 16 and November 27 observations of Thomas. The evaluation also stated:

"In review I would like for you to address the following problems:

"1. Construct more detailed lesson plans which include topics to be taught, objectives for the day, and any homework assigned.

"2. Spend time each day teaching techniques of Mystery and College Writing.

"3. Assign some of the work now being done in class as homework so you have time to cover the topics during class.

"4. Review the college writing and mystery curriculum in the graded course of study, availabel [sic] course outlines, and in discussion with your department chairman."

**{¶ 4}** On December 10, 1990, Roberts met with Thomas and discussed the evaluation, which Roberts and Thomas signed.

**{¶ 5}** Roberts again observed Thomas during one of Thomas' classes on March 1, 1991 and on March 11, 1991. Based upon these observations, Roberts completed a second evaluation of Thomas. This second evaluation discussed the two classes that Roberts had observed and then stated:

"In the performance checklist that I gave you in December, I indicated several concerns. I also made several specific suggestions in the [first evaluation] at the same time. I do not feel that you have made enough improvement for me to recommend that your contract be renewed." On March 15, 1991, Roberts met with Thomas and discussed this second evaluation, which Roberts and Thomas signed.

**{¶ 6}** Based on Thomas' evaluations, Leslie Johnson, the superintendent of Newark City Schools, recommended that the board not renew Thomas' limited teaching contract. On April 8, 1991, the board gave notice that it intended not to renew Thomas' limited contract. On April 12, 1991, Thomas received notice from

the interim treasurer of the board that the board had not renewed his contract. After the board provided Thomas with a hearing, the board held a special meeting on June 5, 1991 and adopted a resolution affirming its intention not to reemploy Thomas.

{¶ 7} Asserting statutory and contract violations, Thomas appealed the board's decision to the common pleas court. Finding that the board had complied with the statutory requirements concerning the nonrenewal of Thomas' limited contract, the trial court dismissed Thomas' complaint and entered judgment in favor of the board.

{¶ 8} Thomas filed an appeal with the court of appeals, asserting that the trial court had erred in dismissing his complaint, because the board had failed to comply with the evaluation procedures set forth in R.C. 3319.111. The court of appeals affirmed the judgment of the trial court. Concluding that R.C. 3319.11(G)(7)[1] limited its review to determining whether the board had complied with the procedural requirements expressly listed under 3319.111(A),[2] the court of

---

1. The version of R.C. 3319.11(G)(7) that applies in this case provided, in pertinent part:

"A teacher may appeal an order affirming the intention of the board not to re-employ the teacher to the court of common pleas *** on the grounds that the board has not complied with the provisions of section 3319.11 or 3319.111 of the Revised Code.

"*** [T]he court in an appeal under this division is limited to the determination of procedural errors and to ordering the correction of procedural errors and shall have no jurisdiction to order a board to re-employ a teacher, except that the court may order a board to re-employ a teacher *** when the court determines that evaluation procedures have not been complied with pursuant to division (A) of section 3319.111 of the Revised Code ***. Otherwise, the determination whether to re-employ or not re-employ a teacher is solely a board's determination and not a proper subject of judicial review and, except as provided in this division, no decision of a board whether to re-employ or not re-employ a teacher shall be invalidated by the court on any basis ***." Am.Sub.H.B. No. 330, 142 Ohio Laws, Part II, 3356, 3362.

2. The version of R.C. 3319.111(A) that applies to this case stated, in pertinent part:

"Any board of education that has entered into any limited contract or extended limited contract with a teacher pursuant to section 3319.11 of the Revised Code *** shall evaluate such a teacher in compliance with the requirements of this section in any school year in which the board may wish to declare its intention not to re-employ him ***.

"This evaluation shall be conducted at least twice in the school year in which the board may wish to declare its intention not to re-employ the teacher. One evaluation shall be conducted and completed not later than the first day of February and the teacher being evaluated shall receive

---

appeals refused to determine whether the evaluations of Thomas met the requirements of R.C. 3319.111(B).

{¶ 9} The cause is now before this court upon the allowance of a motion to certify the record.

_____

*Cloppert, Portman, Sauter, Lataznik & Foley* and *Susan Kozlowski*, for appellant.

*Baker & Hostetler*, *Ronald G. Linville* and *Ellen J. Garling* for appellee.

*Means, Bichimer, Burkholder & Baker Co., L.P.A.*, *Kimball H. Carey*, urging affirmance for *amicus curiae*, Ohio School Boards Association.

_____

**WRIGHT, J.**

{¶ 10} Richard Thomas argues that the trial court should have ordered the board to reinstate him with back pay, because the written evaluations of Thomas failed to comply with R.C. 3319.111(B)(3). That division provides:

"(B) Any board of education evaluating a teacher pursuant to this section shall adopt evaluation procedures that shall be applied each time a teacher is evaluated pursuant to this section. These evaluation procedures shall include, but not be limited to:

"***

"(3) A written report of the results of the evaluation that includes specific recommendations regarding any improvements needed in the performance of the teacher being evaluated and regarding the means by which the teacher may obtain assistance in making such improvements."

---

a written report of the results of this evaluation not later than the tenth day of February. One evaluation shall be conducted and completed between the first day of March and the first day of April and the teacher being evaluated shall receive a written report of the results of this evaluation not later than the tenth day of April." Am.Sub.S.B. No. 140, 143 Ohio Laws, Part I, 718, 807.

**{¶ 11}** Since the court of appeals entered its judgment in this case, this court has held that "the failure of a board of education to satisfy the requirements of R.C. 3319.111(B)(3) constitutes a failure to comply with the evaluation requirements of R.C. 3319.111(A), and such failure will permit a reviewing court to order the board to reemploy the teacher pursuant to R.C. 3319.11(G)(7)."[3] *Naylor v. Cardinal Local School Dist. Bd. of Edn.* (1994), 69 Ohio St.3d 162, 166, 630 N.E.2d 725, 729. See *Farmer v. Kelleys Island Bd. of Edn.* (1994), 69 Ohio St.3d 156, 630 N.E.2d 721, paragraph two of syllabus (stating that a "proper evaluation under *** R.C. 3319.111[A] contains all the elements delineated in R.C. 3319.111[B]"). See, also, *Farmer v. Kelleys Island Bd. of Edn.* (1994), 70 Ohio St.3d 1203, 1208, 638 N.E.2d 79, 82. Thus, the only remaining issue in this case is whether the evaluations of Thomas complied with the requirements under R.C. 3319.111(B)(3).

**{¶ 12}** We find that the evaluations of Thomas met the requirements set forth in R.C. 3319.111(B)(3).

**{¶ 13}** The first evaluation of Thomas, dated December 10, 1990, clearly met the requirements of R.C. 3319.111(B)(3). That evaluation contained the following specific recommendations regarding improvements needed in Thomas' performance as a teacher: (1) "[c]onstruct more detailed lesson plans which include topics to be taught, objectives for the day, and any homework assigned"; (2) "[s]pend time each day teaching techniques of Mystery and College Writing"; and (3) "[a]ssign some of the work now being done in class as homework so you have time to cover the topics during class." The first evaluation also contained the following specific recommendations regarding the means by which Thomas could obtain assistance in making the needed improvements: (1) "[r]eview the college writing and mystery curriculum in the graded course of study"; (2) review

---

3. Since the trial court entered its judgment in this case, R.C. 3319.11(G)(7) and 3319.111(A) have been amended. However, those amendments do not affect the holdings in *Naylor* and *Farmer* or the analysis in this case.

"availabel [*sic*] course outlines"; and (3) have a "discussion with your department chairman."

**{¶ 14}** The second evaluation of Thomas, dated March 15, 1991, also met the requirements of R.C. 3319.111(B)(3). The key paragraph in the second evaluation states, "In the performance checklist that I gave you in December, I indicated several concerns. I also made several specific suggestions in the [first evaluation] at the same time. I do not feel that you have made enough improvement for me to recommend that your contract be renewed." This paragraph expressly incorporated by reference the specific recommendations regarding Thomas' needed improvements and the means by which Thomas could obtain assistance in making those improvements that were listed in the performance checklist and the first evaluation, both of which Thomas had signed. It is clear that Roberts' previous concerns and suggestions regarding Thomas' teaching performance were still at issue in Roberts' second evaluation of Thomas.

**{¶ 15}** We believe that an evaluator complies with R.C. 3319.111(B)(3) when he incorporates by reference the statutorily mandated recommendations listed in earlier written reports that the teacher who is being evaluated has seen. Any other interpretation of R.C. 3319.111(B)(3) would be unreasonable, would serve no useful purpose, and would infringe unjustifiably upon a board of education's decision not to renew a teacher's contract. Although R.C. 3319.11 and 3319.111 must be construed liberally in favor of teachers because they are remedial statutes, a court may not read into a statute a result that the language does not reasonably imply. See *Szekely v. Young* (1963), 174 Ohio St. 213, 22 O.O.2d 214, 188 N.E.2d 424, paragraph two of the syllabus.

**{¶ 16}** For the foregoing reasons, we affirm the judgment of the court of appeals, albeit for different reasons.

*Judgment affirmed.*

MOYER, C.J., A.W. SWEENEY, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur

DOUGLAS, J., concurs in judgment only.

————————————