SNYDER, APPELLANT, *v.* MENDON-UNION LOCAL SCHOOL
DISTRICT BOARD OF EDUCATION, APPELLEE.

[Cite as *Snyder v. Mendon–Union Local School
Dist. Bd. of Edn.* (1996), 75 Ohio St.3d 69.]

(No. 94–1098—Submitted at the Van Wert Session
October 25, 1995—Decided March 4, 1996.)

70

*Elsass, Wallace, Evans, Schnelle & Co., L.P.A., Stanley R. Evans* and *Thomas A. Ballato; Benjamin F. Yale & Associates Co., L.P.A.,* and *Benjamin F. Yale,* for appellant.

*Scott, Scriven & Wahoff, Greg Scott* and *Julie C. Martin; Koch Law Offices* and *Kenneth Koch,* for appellee.

*Daniel S. Smith,* urging reversal for *amicus curiae,* Ohio Education Association.

---

PFEIFER, J.   Shortly after the appellate court rendered its decision in the present case, this court held in *Naylor v. Cardinal Local School Dist. Bd. of Edn.* (1994), 69 Ohio St.3d 162, 630 N.E.2d 725, paragraph two of the syllabus, that "[u]nless a collective bargaining agreement specifically provides to the contrary, R.C. 3319.111 governs the evaluation of a teacher employed under a limited contract."   The CBA in this case contained no such specific provision excluding or negating the statutory rights contained in R.C. 3319.111.   Therefore, R.C. 3319.111 continued to govern the board's evaluation of Snyder.

R.C. 3319.111(A) provides that a board of education must twice yearly evaluate teachers under limited contracts before the board may determine whether to renew those teachers' contracts.   One evaluation must be completed by January 15 and the second by April 1.   Each evaluation must be based upon two observations, with each observation lasting at least thirty minutes.   R.C. 3319.111(B)(2); *Farmer v. Kelleys Island Bd. of Edn.* (1994), 69 Ohio St.3d 156, 159, 630 N.E.2d 721, 723.   It is undisputed that Snyder was observed only twice, total.   Also, as the arbitrator found, the March 27, 1991 observation lasted less than thirty minutes.

The trial court found that while the evaluation procedures in this case "did not strictly comply with that [*sic,* the] statutory requirements of R.C. 3319.111(B)(2)," the statutory requirements "were substantially complied with."   The trial court's finding, however, was made without the guidance of *Farmer.*   The trial court saw the question as "whether the evaluation procedures followed by superintendent Self in relation to appellant Snyder included *observations* of her on at least *two* occasions for not less than thirty (30) minutes on each such occasion."   (Emphasis added.)   Therefore, the trial court found substantial compliance based upon its mistaken belief that R.C. 3319.111 required only two observations per year, rather than four.

A board's decision to nonrenew is not valid if the board does not follow the dictates of R.C. 3319.111 in properly evaluating the teacher.   R.C. 3319.111 was not designed to create an obstacle course for school boards to traverse before they can fire a teacher.   The point of the requirements is positive—school boards

and their administrators are forced to find out what is being taught in their classrooms and how it is being taught. The purpose of evaluations is to assist teachers in getting better. The club that exists to force school districts to perform evaluations properly does not mean that evaluations exist only to initiate the removal of bad teachers. They are of value to all. We therefore hold firm to the simple, specific dictates the General Assembly enacted regarding the evaluation of teachers.

The failure of the board to comply with the observation requirements of R.C. 3319.111(B)(2) constitutes a failure to comply with the evaluation requirements of R.C. 3319.111(A). "Such a failure constitutes a ground upon which a court reverses the board's decision not to re-employ [a teacher] under * * * R.C. 3319.11(G)(7)." *Farmer*, 69 Ohio St.3d at 160, 630 N.E.2d at 724.

Thus, pursuant to *Farmer* and R.C. 3319.11(B)(2), we reverse the court of appeals and reinstate Snyder for the 1995–1996 school year under an extended limited contract, and award her back pay from the time of the nonrenewal through the date of reinstatement. We remand the cause to the trial court to determine the amount of Snyder's damages. Lastly, we hold that the trial court did not abuse its discretion in denying Snyder's motion to amend her complaint nearly two years after her original filing.

*Judgment reversed*
*and cause remanded.*

MOYER, C.J., DOUGLAS, RESNICK and F.E. SWEENEY, JJ., concur.

WRIGHT and COOK, JJ., dissent.

COOK, J., dissenting. I respectfully dissent from the majority's decision. R.C. 3319.11(G)(7) does not mandate a court to order the board to re-employ a teacher when the court determines that the board has not complied with the evaluation procedures of R.C. 3319.111(A). Rather, R.C. 3319.11(G)(7) employs the discretionary language, "may order a board to reemploy a teacher." Although the *Farmer I* court stated that pursuant to R.C. 3319.11(G)(7), "a court should order the board to reemploy the teacher" where the board failed to comply with the evaluation procedures of R.C. 3319.111(A), this court did not address this discretionary language of the statute in either *Farmer I* or *Farmer II*. *Farmer v. Kelleys Island Bd. of Edn.* (1994), 69 Ohio St.3d 156, 160, 630 N.E.2d 721, 724 ("*Farmer I*"); *Farmer v. Kelleys Island Bd. of Edn.* (1994), 70 Ohio St.3d 1203, 638 N.E.2d 79 ("*Farmer II*").

In the present case, the trial court held that while the board failed to strictly comply with the evaluation procedures, the "underlying reasons for the original appellee board's action to not re-employ appellant were not based upon those evaluations. In fact, the evaluations by Dr. Self were the basis for his initial

recommendation to the board to re-employ appellant. Therefore, the court concludes that to order the appellee board to re-employ appellant would be improper, inequitable, and unjust." I would find that the trial court did not abuse its discretion in its decision.

WRIGHT, J., concurs in the foregoing dissenting opinion.