OPINION
{¶ 1} Defendant-appellant, the Perry Local School District Board of Education ("appellant"), appeals from the judgment of the Lake County Court of Common Pleas, finding that appellant had unlawfully failed to evaluate plaintiff-appellee, Christina L. Skilton, and ordering her reinstatement as a teacher after appellant had non-renewed her limited contract.
 {¶ 2} Skilton, a fourth-grade teacher hired by appellant under a one-year limited contract, requested an unpaid medical leave of absence during the 1999-2000 school year. Appellant granted Skilton's request for a medical leave on November 16, 1999. Appellant voted not to renew Skilton's employment contract on April 18, 2000. On April 28, 2000, appellant provided, at Skilton's request, a written statement of the circumstances underlying the decision to terminate her teaching contract. Skilton requested a hearing, which was conducted on September 28, 2000. Appellant voted to affirm the non-renewal of Skilton's contract that same day.
 {¶ 3} On October 26, 2000, Skilton filed a statutory appeal in the Lake County Court of Common Pleas. Skilton appealed, pursuant to R.C.3319.11(G)(7), appellant's decision to non-renew her employment contract. In her appeal, Skilton contended appellant failed to follow its own procedures when it decided to non-renew her teaching contract during an approved medical leave. Skilton maintained appellant did not comply with R.C. 3319.11 and R.C. 3319.111. The statutes require boards of education to follow evaluation and hearing procedures prior to, and subsequent to, the non-renewal of limited contract teachers.
 {¶ 4} On November 27, 2000, appellant answered and maintained it had complied with the evaluation and non-renewal procedures set forth in R.C. 3319.11 and R.C. 3319.111. Appellant stated Skilton had no statutory right to be re-employed for the 2000-2001 school year.
 {¶ 5} On January 3, 2001, Skilton filed her brief with the court of common pleas. In her brief, Skilton related that she had been hired by appellant on June 15, 1999, for the 1999-2000 school year as a fourth-grade teacher. The assistant principal completed a positive observation/evaluation of Skilton on September 15, 1999. After experiencing a fourteen-hour panic attack, Skilton's physicians recommended a medical leave of absence in late October of 1999. Skilton stated that the principal advised her that a year's leave of absence was the usual length of time for such a leave. The principal allegedly told Skilton she could return to the classroom when appropriate. Appellant approved Skilton's request for an unpaid medical leave of absence on November 16, 1999.
 {¶ 6} Skilton stated that no administrator or union official advised her that appellant could use her medical leave as a reason to non-renew her employment contract. Skilton contacted the principal on December 5, 1999, to discuss a return to the classroom in January but the principal had reservations about Skilton's return to the classroom. After discussing the situation with her counselor, Skilton decided to stay on medical leave for the remainder of the school year.
 {¶ 7} Skilton met with the principal on March 23, 2000, to discuss her return the following school year. The principal advised Skilton he would need a letter from her physician. On April 19, 2000, the principal telephoned Skilton and asked her to come in for a meeting. The principal told Skilton that appellant had non-renewed her contract. At the meeting, the principal informed Skilton that he had recommended non-renewal of her contract because he was not confident she was prepared for the stresses of the position. Skilton requested a letter of circumstances pursuant to R.C. 3319.11. Appellant responded by giving its reasons for the non-renewal being Skilton's excessive long-term absence during the 1999-2000 school year, which caused an interruption in the continuity of her services to her students. Also, as a consequence of her extended leave, appellant was prevented from completing its evaluation process of Skilton.
 {¶ 8} At the September 28, 2000 hearing on the matter, the principal stated he recommended non-renewal because he lacked enough data to determine if Skilton should be issued another teaching contract. The principal believed Skilton should be non-renewed because the statutory evaluation process was not completed. Appellant affirmed its decision not to renew Skilton's contract.
 {¶ 9} Skilton argued appellant failed to comply with the statutory mandates contained in R.C. 3319.11 and R.C. 3319.111 because appellant failed to evaluate her performance. Skilton contended that, if the statutory and evaluation procedures are not fully complied with, a teacher is deemed re-employed for the following school year. Because appellant did not fully evaluate her, Skilton argued she had a right to return and be fully evaluated prior to any decision to non-renew. Further, Skilton maintained appellant did not adequately provide a clear and substantive basis supporting its decision to non-renew. Skilton argued the reason given by appellant, her extended medical leave, flowed from its own act of approving her request for a medical leave. Skilton asserted she had a statutory and contractual right to a medical leave, giving her a right to return to the classroom.
 {¶ 10} On January 18, 2001, appellant filed its brief with the court of common pleas. Appellant contended it could not conduct further observations or evaluations of Skilton because she did not return to work after October 25, 1999. Appellant stated it had expected Skilton to return to work on January 19, 2000, but she decided to continue her medical leave for the rest of the school year. Because of this decision, it was impossible for appellant to conduct another evaluation or observation of Skilton. Appellant submitted it should not be penalized for something it was unable to do. Appellant also maintained it provided Skilton with three specific reasons why she was not offered a continuing contract. Appellant asserted that Skilton's disagreement with those reasons did not provide a reason for invalidating appellant's action of non-renewing the employment contract. Further, appellant stated that, while Skilton had the right to a leave of absence, she was not guaranteed a right of return under statutory law or the collective bargaining agreement.
 {¶ 11} On July 6, 2001, the trial court entered judgment in favor of Skilton. The court concluded appellant did not evaluate Skilton twice before non-renewing her contract. The court found that, by not evaluating Skilton a second time, appellant did not comply with evaluation procedures as mandated by R.C. 3319.11(E) before a teacher's contract may be non-renewed. Appellant was required by R.C. 3319.111(A) to evaluate Skilton a minimum of two times before it could declare its intention not to re-employ her. The trial court found that R.C. 3319.11(G)(7) authorized the court to order appellant to re-employ Skilton because appellant did not comply with R.C. 3319.111(A). The court stated it was disingenuous for appellant to grant Skilton's request for medical leave and then terminate her employment because of excessive absenteeism caused by that same approved leave. The court concluded that R.C. 3319.13
guaranteed Skilton the right to return to work without first applying for approval from appellant. The court ordered appellant to re-employ Skilton with the same contractual status she held prior to the commencement of her medical leave. The court further ordered appellant to pay Skilton back pay from the first day of the 2000/2001 school year.
 {¶ 12} Appellant assigns the following errors for review:
 {¶ 13} "I. The trial court erred as a matter of law when it concluded that the board unlawfully failed to evaluate appellee.
 {¶ 14} "II. The trial court erred as a matter of law when it concluded that appellee had a right to return to work from a leave of absence after the board of education nonrenewed her employment contract."
 {¶ 15} In its first assignment of error, appellant contends the trial court ignored the standard of review set forth in R.C. 3319.11(G)(7), governing the decision of a board of education to non-renew a teacher's limited contract. Appellant asserts the court's jurisdiction was limited to a determination of procedural errors and not whether appellant's decision to non-renew Skilton's limited contract was incorrect. Appellant argues the trial court based its decision on the reasoning behind the decision to non-renew instead of whether procedural errors occurred.
 {¶ 16} A court of common pleas' scope of review is more limited under Chapter 3319 appeals than in standard administrative appeals. R.C.3319.11(G)(7) allows an appeal to the court of common pleas on the grounds that a board of education has not complied with R.C. 3319.11 or R.C. 3319.111. R.C. 3319.11(G)(7) states, in pertinent part:
 {¶ 17} "Notwithstanding section 2506.04 of the Revised Code, the court in an appeal under this division is limited to the determination of procedural errors and to ordering the correction of procedural errors and shall have no jurisdiction to order a board to reemploy a teacher, except that the court may order a board to reemploy a teacher in compliance with the requirements of division (B), (C)(3), (D), or (E) of this section when the court determines that evaluation procedures have not been complied with pursuant to division (A) of section 3319.111 * * *. Otherwise, the determination whether to reemploy or not reemploy a teacher is solely a board's determination and not a proper subject of judicial review and, except as provided in this division, no decision of a board whether to reemploy or not reemploy a teacher shall be invalidated by the court on any basis, including that the decision was not warranted by the results of any evaluation or was not warranted by any statement given pursuant to division (G)(2) of this section."
 {¶ 18} A court of common pleas, considering an appeal by a teacher under this statute, cannot reverse the board of education's decision on the merits or order reinstatement or reemployment of the teacher, unless particular procedures have been violated. Reinstatement is permitted only if the board failed to conduct evaluations in compliance with R.C. 3319.111
or where it failed to deliver notice of its intention not to re-employ by April 30. Gerner v. Salem City School Dist. Bd. of Edn., 69 Ohio St.3d 170,1994-Ohio-139.
 {¶ 19} An appellate court's review is more restricted than that of a court of common pleas reviewing the same order. An appellate court may only determine if the court of common pleas abused its discretion. Layman v. Perry Local School Dist. Bd. of Edn. (Aug. 17, 2001), 11th Dist. No. 2000-L-005, 2001 Ohio App. LEXIS 3635.
 {¶ 20} Appellant maintains that the court of common pleas exceeded this standard of review because it considered and critiqued appellant's reasons for non-renewing Skilton's contract. The court of common pleas discussed Skilton's positive evaluation and other facts surrounding her request, and appellant's grant of the medical leave. However, the court of common pleas concluded that appellant did not comply with the evaluation procedures set forth in R.C. 3319.111(A) because Skilton only received one evaluation, instead of the minimum two evaluations required under the statute.
 {¶ 21} As stated above, a court of common pleas may reverse a board of education's decision regarding the termination of a teacher's limited contract if the board does not comply with the statutory procedures. The failure to conduct the required evaluations permits the court to order reinstatement of the teacher. Based upon the judgment entry, the court of common pleas applied the correct standard of review because the lack of a second evaluation was the basis of the decision.
 {¶ 22} Appellant next asserts it was impossible for it to comply with the procedural mandates of R.C. 3319.111(A) because Skilton's absence from work effectively prevented it from evaluating her during the required time period. Appellant argues it never had the opportunity to evaluate Skilton and it should not be found to have failed to properly evaluate Skilton under these circumstances.
 {¶ 23} R.C. 3319.11 and R.C. 3319.111 are remedial statutes which are construed liberally in favor of teachers. Naylor v. Cardinal LocalSchool Dist. Bd. of Edn. (1994), 69 Ohio St.3d 162, paragraph one of the syllabus. R.C. 3319.111 governs the evaluation of a teacher employed under a limited contract. The procedure outlined in R.C. 3319.111(B) must be followed by a board of education when evaluating teachers whose contracts the board decides not to renew. Farmer v. Kelleys Island Bd. ofEdn., 69 Ohio St.3d 156, 1994-Ohio-23. If the procedural requirements are complied with in the non-renewal process, then the decision of the board will be upheld. Manno v. Chardon Local School Dist. Bd. of Edn. (Nov. 29, 1996), 11th Dist. No. 96-G-1985, 1996 Ohio App. LEXIS 5403. A board's decision is not valid if the dictates of R.C. 3319.111 are not followed in properly evaluating the teacher. Snyder v. Mendon-Union Local SchoolDist. Bd. of Edn., 75 Ohio St.3d 69, 1996-Ohio-138. In order for a board to comply with R.C. 3319.111(A), it must evaluate a teacher a minimum of twice during the school year; the first evaluation must be done not later than the first day of February; the second evaluation must be done between the first day of March and the first day of April. Botker v. WestGeauga Local School Dist. Bd. of Edn. (1992), 79 Ohio App.3d 428. All of the evaluation requirements of R.C. 3319.111(B) are incorporated into R.C. 3319.111(A). Farmer, supra, paragraph two of the syllabus. If the board fails to establish it complied with the evaluation procedures provided in R.C. 3319.111, the limited contract teacher is considered re-employed until the board complies with the statute by operation of law. Smithers v. Rossford Ex. Village School Dist. Bd. of Edn. (June 10, 1994), 6th Dist. No. 93 W.D. 070, 1994 Ohio App. LEXIS 2458. This is because the failure to prove compliance with the statutorily required evaluation procedures results in a finding that the teacher was not effectively fired. This entitles the teacher to renewal of his or her contract for a year and to back-pay. Sparer v. Evergreen Local School
(Nov. 4, 1994), 6th Dist. No. 94FU000003, 1994 Ohio App. LEXIS 4905.
 {¶ 24} The failure of a board to comply with the observation requirement of R.C. 3319.111(B)(2), requiring that a teacher be observed twice for each evaluation, constitutes a failure to comply with the evaluation requirements of R.C. 3319.111(A). Farmer, supra, paragraph three of the syllabus. The evaluation requirements are mandated by statute. The failure to comply with these requirements constitutes grounds for reversal of the board's decision. Id.
 {¶ 25} The two evaluations are a minimum which a board of education must comply with, by law, before non-renewing a limited contract teacher. Although sympathetic to appellant's plight in not being able to evaluate Skilton a second time due to her medical leave, the statute and case law are clear that, in order to comply with the evaluation procedures set forth in R.C. 3319.111, a board of education is required to evaluate a teacher twice prior to non-renewing his or her limited contract. The statute, as written, allows for no exceptions to the requirement that two evaluations be conducted within the specified time frame. Appellant admittedly did not do so. Therefore, by operation of law, Skilton is considered re-employed until evaluated pursuant to the mandates of R.C. 3319.111.
 {¶ 26} Lastly, appellant submits it should be excused from the statutorily mandated evaluation procedures under the doctrine of impossibility of performance. Impossibility of performance is an affirmative defense to a breach of contract claim. Impossibility of performance occurs where, after the contract is entered into, an unforeseen event arises rendering impossible the performance of one of the contracting parties. Truetried Serv. Co. v. Hager (1997),118 Ohio App.3d 78. The performance must be rendered impossible without fault of the party asserting the defense and where the difficulties could not have been reasonably foreseen. Id.
 {¶ 27} Appellant essentially is asserting that it should be excused from performing the evaluation requirements mandated by statute because of Skilton's absence during the time in which the second evaluation should have been performed. As stated above, the two evaluations are the minimum that must be performed by statute, and there is no statutory provision excusing a board of education's performance. This court is bound to apply the statute, as written, to the facts at hand, and we cannot graft exceptions to the statute, even under the circumstances presented in the instant case.
 {¶ 28} Further, the doctrine of impossibility of performance only is applicable if the event is unforeseen. The record before this court shows that a number of teachers are on leave at any time from the school system. How appellant could not contemplate a situation arising where a teacher would be on leave at the time an evaluation has to be performed is difficult to conceive of or to conclude is an unforeseen circumstance. Appellant may not assert an impossibility of performance defense to evade the requirements of a statute. Appellant's first assignment of error lacks merit.
 {¶ 29} In its second assignment of error, appellant states that the court of common pleas erred by ordering Skilton reinstated to her position as a teacher with the district. Appellant argues state law and the collective bargaining agreement do not support this ruling. As stated above, a board of education's failure to comply with evaluation procedures results in the renewal of a limited teaching contract, by operation of law, until the board is in compliance with the statute. The trial court's ruling was correct and is supported by law.
 {¶ 30} Further, the collective bargaining agreement between appellant and the Perry Education Association specifically adopts the rights afforded teachers and regular nonteaching school employees under R.C. 3319.13. Under this provision, a board of education must grant an unpaid leave requested on the basis of medical or disability reasons. Upon return to service, the teacher or nonteaching school employee is to resume the contract status that the employee held prior to the leave of absence. The bargaining agreement's only condition for the teacher's return is that an application for the return be approved. Therefore, the terms of the parties' collective bargaining agreement also allow Skilton's reinstatement. The trial court correctly ordered Skilton's reinstatement and properly awarded back-pay from the beginning of the 2000-2001 school year. Appellant's second assignment of error is overruled. The judgment of the Lake County Court of Common Pleas is affirmed.
WILLIAM M. O'NEILL, P.J., DONALD R. FORD, J., concur.