**RICKEL, Appellant,**

v.

**CLOVERLEAF LOCAL SCHOOL DISTRICT
BOARD OF EDUCATION, Appellee.**

[Cite as *Rickel v. Cloverleaf Local School Dist.
Bd. of Edn.* (1992), 79 Ohio App.3d 810.]

Court of Appeals of Ohio,
Medina County.

No. 2045.

Decided April 29, 1992.

*Ronald G. Macala, Salvatore J. Falletta* and *Cornelius J. Baasten,* for appellant.

*Timothy J. Sheeran* and *Joseph E. McGraw,* for appellee.

REECE, Judge.

On April 16, 1990, defendant-appellee, the Cloverleaf Local School District Board of Education ("board"), voted not to renew plaintiff-appellant Terry L. Rickel's teaching contract. After a hearing was conducted at Rickel's request, the board unanimously reaffirmed this decision on May 21, 1990. Rickel then commenced this action on June 25, 1990 in the Medina County Court of Common Pleas. R.C. 3319.11(G)(7). A transcript of the board's hearing and the parties' exhibits were duly submitted.

The board moved for summary judgment, which Rickel opposed. In findings and order dated August 16, 1991, the court granted this request. Rickel appeals asserting three assignments of error. The first and third are as follows:

"1. The lower court erred in finding that evaluation procedures applied to appellant Rickel complied with Ohio Revised Code Section 3319.111."

"3. The lower court erred in granting appellee's motion for summary judgment, as Rule 56 requires that evidence must be most strongly construed in appellant's favor."

The statute authorizing these proceedings, R.C. 3319.11(G)(7), expressly declares that judicial review of a school board's decision not to renew a

teaching contract is tightly circumscribed.[1]  Only those errors based upon transgressions of R.C. 3319.11 and 3319.111 are to be considered.  The relief which may be awarded is limited primarily to ordering the correction of procedural violations.  The court of common pleas may direct that a teacher be reemployed pursuant to R.C. 3319.11(B), (C)(3), (D), or (E) only upon a determination that (1) the evaluation requirements of R.C. 3319.111(A) have not been satisfied, or (2) the written notice of the intention not to rehire was not timely supplied.  R.C. 3319.11(G)(7).

▌  Of course, the burden of establishing the appropriateness of summary judgment is upon the moving party.  *Hamlin v. McAlpin Co.* (1964), 175 Ohio St. 517, 26 O.O.2d 206, 196 N.E.2d 781, paragraph two of the syllabus.  Once such a motion is tendered setting forth valid grounds for relief, the non-moving party is obliged to produce sufficient evidence on any issue so identified for which that party bears the burden of production at trial.  *Wing v. Anchor Media, Ltd. of Texas* (1991), 59 Ohio St.3d 108, 570 N.E.2d 1095, paragraph three of the syllabus, citing *Celotex Corp. v. Catrett* (1986), 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265.  The application should be granted only if, construing the evidence most favorably to the responding party, no genuine issues of material fact remain to be litigated warranting a judgment for the movant as a matter of law.  *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 471, 364 N.E.2d 267, 273.  This court will review a common pleas court's entry of summary judgment *de novo*.  See *Delker v. Ohio Edison Co.* (1989), 47 Ohio App.3d 1, 2, 546 N.E.2d 975, 977.

---

1.  R.C. 3319.11(G)(7) states:

"A teacher may appeal an order affirming the intention of the board not to re-employ the teacher to the court of common pleas of the county in which the largest portion of the territory of the school district is located, within thirty days of the date on which the teacher receives the written decision, on the grounds that the board has not complied with the provisions of section 3319.11 or 3319.111 of the Revised Code.

"Notwithstanding section 2506.04 of the Revised Code, the court in an appeal under this division is limited to the determination of procedural errors and to ordering the correction of procedural errors and shall have no jurisdiction to order a board to re-employ a teacher, except that the court may order a board to re-employ a teacher in compliance with the requirements of division (B), (C)(3), (D), or (E) of this section when the court determines that evaluation procedures have not been complied with pursuant to division (A) of section 3319.111 of the Revised Code or the board has not given the teacher written notice on or before the thirtieth day of April of its intention not to re-employ the teacher pursuant to division (B), (C)(3), (D), or (E) of this section.  Otherwise, the determination whether to re-employ or not re-employ a teacher is solely a board's determination and not a proper subject of judicial review and, except as provided in this division, no decision of a board whether to re-employ or not re-employ a teacher shall be invalidated by the court on any basis, including that the decision was not warranted by the results of any evaluation or was not warranted by any statement given pursuant to division (G)(2) of this section.

"No appeal of an order of a board may be made except as specified in this division."

■ Rickel initially argues that the board has failed to "properly adopt evaluation procedures." The board counters, and Rickel does not deny, that the parties faithfully followed the evaluation procedures approved by the Cloverleaf Education Association in a collective bargaining agreement. Contrary to Rickel's suggestions, R.C. 3319.111 does *not* demand that a "new" format be adopted after the effective date of the statute (July 1, 1989). So long as the requirements expressly set forth by the General Assembly are adhered to, the board's decision will not be disturbed.

■ Rickel maintains that he was not properly evaluated in accordance with R.C. 3319.111(B) since he did not, in one isolated instance, "understand" what his principal meant when he was advised to increase his "student participation." The statute, however, does not place the burden upon the school board to assure that every teacher fully appreciates each suggestion that is made. A board need only supply "[a] written report of the results of the evaluation that includes specific recommendations regarding any improvements needed in the performance of the teacher being evaluated." R.C. 3319.111(B)(3).

■ At the hearing before the board, written evaluations of Rickel covering the period of 1988–1990 were presented. They described, in a nutshell, an "atmosphere of fear" in his classroom and limited learning by his students. Despite several warnings that his contract might not be renewed, the situation did not sufficiently improve. The record confirms that these evaluations of Rickel were sufficiently "specific" to alert a reasonable person to the need for change. Rickel's subjective—and self-serving—claims of confusion do not necessitate a contrary conclusion.

■ Rickel further contends that the evaluations failed to address "the means by which the teacher may obtain assistance" in making the suggested improvements. R.C. 3319.111(B)(3). The record, however, is replete with examples of attempts by administrative personnel to persuade Rickel to modify his teaching style. An evaluation dated December 27, 1988 recommended that Rickel participate in a two-day workshop at the school's expense.[2] The school's principal, William Thombs, testified that in further evaluations he reemphasized the importance of attending the workshop, visiting other classrooms, and utilizing certain activities to promote student participation.

---

2. Rickel insists that this proposal "doesn't count" since it preceded the effective date of R.C. 3319.111. We reject this notion that the passage of the statute somehow created a "clean slate" whereby all the board's prior dealings with Rickel were forever expunged. The plain language employed does not indicate that the General Assembly intended such a result.

Nevertheless, Rickel never completed the workshop and generally refused to follow the suggestions.

In his brief to this court, Rickel engages in an extensive discussion as to why the recommendations of his superiors were unreasonable. We will not join in this excursion. Judicial inquiry is limited simply to whether suggestions were made "regarding the means by which the teacher may obtain assistance." R.C. 3319.111(B)(3). The record establishes that this procedural requirement was duly fulfilled.

Rickel finally contends that the board failed to timely issue its decision to him after the hearing of May 14, 1990. He cites R.C. 3319.11(G)(6), which provides:

"Within ten days of the conclusion of a hearing conducted pursuant to this division, the board of education shall issue to the teacher a written decision containing an order affirming the intention of the board not to re-employ the teacher reported in the notice given to the teacher pursuant to division (B), (C)(3), (D), or (E) of this section or an order vacating the intention not to re-employ and expunging any record of the intention, notice of the intention, and the hearing conducted pursuant to this division."

In the motion for summary judgment, the board presented the affidavit of Treasurer Bambi A. Beshire. She explained that the board's decision was read on May 21, 1990 in a public session with Rickel in attendance. Beshire further claimed that she hand-delivered a copy of the document to Rickel during that same "workweek." Rickel, on the other hand, tendered his own affidavit which admitted that he was present at the May 21, 1990 proceedings. He protested, however, that he never received a written copy of the decision until June 12, 1990 when he went to Beshire's office on his own initiative.

Rickel is correct in his contention that, when these allegations are construed most strongly in his favor, a genuine dispute exists over whether the board fully complied with R.C. 3319.11(G)(6). Be that as it may, mere proof of a procedural violation by itself is insufficient to warrant judicial relief. Pursuant to Civ.R. 61 and R.C. 2309.59, the courts of this state will ignore "harmless" errors which do not affect the substantial rights of the parties. See *Leichtamer v. Am. Motors Corp.* (1981), 67 Ohio St.2d 456, 474–475, 21 O.O.3d 285, 296, 297, 424 N.E.2d 568, 581. We can discern no legitimate reason why, in the particular context of R.C. 3319.11(G)(7), that a premium should be placed upon technical or trivial defects in school board proceedings. Consequently, it is incumbent upon the teacher pressing a challenge under this provision to demonstrate prejudice to an actual right or interest.

■ In the case *sub judice,* Rickel offers no explanation as to how he was harmed by the supposed delay in the issuing of the written decision. The undisputed evidence confirms that he was aware of the adverse ruling when it was announced. Moreover, his appeal was timely filed. Absent a sufficient showing of prejudice, any factual dispute over compliance with R.C. 3319.-11(G)(6) is, by necessity, immaterial.

We therefore agree with the common pleas judge that the board was entitled to a judgment as a matter of law upon these proceedings brought pursuant to R.C. 3319.11(G)(7). These assignments of error are overruled.

Assignment of Error No. 2 states:

"The lower court erred in finding that there.was no merit in the argument that one board member had a conflict of interest and should have recused himself."

■ Rickel alleged in his complaint that he was denied due process of law when board member David Lindstrom refused to recuse himself from participating in the proceedings. He asserts in his brief to this court that "Lindstrom's daughter was a substitute math teacher who would benefit from the determination that appellant Rickel would be non-renewed." He does not suggest, nor does it appear, that he presented any evidence to support these accusations in a form which would satisfy Civ.R. 56(C) and (E). As a result, summary judgment on Rickel's due process claim was properly granted. *Wing, supra,* at paragraph three of the syllabus; *Celotex, supra,* 477 U.S. at 322–323, 106 S.Ct. at 2552, 91 L.Ed.2d at 273. This assignment of error is also not well taken.

The judgment of the court of common pleas is affirmed in all respects.

*Judgment affirmed.*

CACIOPPO, P.J., and COOK, J., concur.