JOURNAL ENTRY AND OPINION
Appellant, Janet Springer, is appealing the decision of the trial court affirming the decision of appellee, Cleveland Heights-University Heights Board of Education. The Board decided not to renew the annual contract of the appellant-teacher.
Janet Springer taught math at Taylor Academy for seven years. Springer was also certified to teach music. On her teaching assignment preference form for the 1997-1998 school year, she requested teaching math at an alternative high school or middle school, or teaching elementary school music. Springer was assigned to teach music at Monticello Middle School.
Springer received mostly satisfactory evaluations at Taylor, and was able to correct any unsatisfactory areas. Linda Koenig, the executive director of the Board's human resource department, testified that the Board wanted to remove Springer from the Taylor math department, because of inadequate proficiency test scores. Springer testified that she was able to greatly improve their scores.
Janet Springer testified that before she started at Monticello, she asked the principal and the present teacher for help. They did not want to talk to her. The band director hesitantly helped her. Monticello had four music teacher over four years. She was required to teach ten different classes a week. Many of the students were special education students, and she received no special education support.
In October, Principal Helmick told Springer to go to the Cleveland School of the Arts to observe an effective music program. Springer did not find this to be an adequate solution, as the School of the Arts was selective, and had no special education students.
On January 5, 1998, Principal Helmick evaluated Springer based on formal and informal class evaluations. Springer was unsatisfactory in the areas of: lesson plans; preparation of students for lesson; quality of classroom discussion/activity; use of class time (time on task); appropriateness of lesson; effectiveness of communication; rapport between students/teacher; maintenance of appropriate discipline; general classroom appearance; and appropriate displays. The principal commented that the students were very unruly and the lesson plan was not clear. The evaluation contained a plan for improvement for each area, except appropriate displays. Springer did not feel that Helmick gave her any meaningful support for improvement. Helmick gave Springer two books about student discipline.
On the next evaluation, dated March 28, 1998, appellant received satisfactory remarks in appropriateness of lesson, effectiveness of communication, general classroom appearance and appropriate displays. She continued to receive unsatisfactory marks in the other areas which were unsatisfactory in January. The evaluation contained a plan for improvement in each area. The principal commented that appellant had not instituted an effective discipline plan. She noted fights breaking out in Springer's classroom. Springer told Helmick she was unable to provide "42 minutes of quality teaching."
Springer testified that Helmick said she would return to her class on Monday, and she could not increase from thirty minutes quality teaching to 42 minutes over the weekend. Springer said she had decreased the number of fights among students.
Appellant's sole assignment of error states:
 THE BOARD OF EDUCATION IMPROPERLY FAILED TO REEMPLOY JANET SPRINGER BECAUSE, CONTRARY TO THE REQUIREMENTS OF R.C. SECTION 3319.111, THE BOARD'S EVALUATOR FAILED TO PROVIDE SPECIFIC RECOMMENDATIONS REGARDING ANY NEEDED IMPROVEMENT AND REGARDING THE MEANS TO OBTAIN ASSISTANCE, WITH RESPECT TO BOTH OF THE WRITTEN EVALUATIONS OF APPELLANT'S PERFORMANCE THAT WERE COMPLETED DURING THE 1997-98 SCHOOL YEAR.
The scope of review by the court of appeals of a court of common pleas decision for a non-renewal of a teacher's contract is limited. This court determines whether the common pleas court abused its discretion in concluding that the board's action was supported by the evidence. Katz v. Maple Hts. City School Dist.Bd. of Edn. (1993), 87 Ohio App.3d 256, 262. Furthermore, the courts can only review the decision not to renew the contract for procedural errors. Farmer v. Kelley's Island Bd. of Ed. (1994),69 Ohio St.3d 156, 158. Strict compliance with procedures, not just substantial compliance is required. See Snyder v.Mendon-Union Local School Dist. Bd. of Edn. (1996), 75 Ohio St.3d 69
. R.C. 3319.11 and 3319.111 are remedial statutes that must be liberally construed in favor of teachers. Naylor v. CardinalLocal School Dist. Bd. of Edn. (1994), 69 Ohio St.3d 162.
R.C. 3319.111 (B)(3) requires that the teacher evaluation include:
 (3) A written report of the results of the evaluation that includes specific recommendations regarding any improvements needed in the performance of the teacher being evaluated and regarding the means by which the teacher may obtain assistance in making such improvements.
Appellant contends that the January 5, 1998 evaluation did not contain any specific recommendations in the area of classroom displays. Appellant was able to improve in the area of classroom displays, and received a satisfactory mark in this area on the second evaluation. The decision not to renew the contract was not made because of deficient classroom displays. Any failure to provide specific recommendations as to classroom displays was harmless error. See Civ.R. 61.
Appellant contends that the plan for improvement was merely a paraphrase of the definitions contained in the collective bargaining agreement, and no specific recommendations were provided. She also asserts the plan for improvement did not relate to the area listed as needing improvement.
Recommendations are "specific" if they alert a reasonable person to the need for change. Rickel v. Cloverleaf Local SchoolDist. Ed. of Edn. (1992), 79 Ohio App.3d 810, 814. The statute does not place the burden upon the school board to assure that every teacher fully appreciates each suggestion that is made.Id.; McComb v. Gahanna-Jefferson City School Dist. Bd. of Edn., (1998), 130 Ohio App.3d 664. If the improvement plan discusses general items that could apply to any classroom, the deficiencies in appellant's performance may have been in those general areas. See Manno v. Chardon Bd. of Ed. (Nov. 29, 1996), Geauga App. No. 96-G-1985, unreported.
In this case, while some of the improvement plans could apply generically to all classrooms, we can not say that the improvement plans lacked specificity. The Common Pleas Court did not abuse its discretion in finding that the improvement plans were specific enough to put appellant on notice of the need for change. The improvement plans also appear to relate to the problem areas. The trial court did not abuse its discretion in finding the evaluation would not be overly confusing for the average teacher.
Appellant contends the evaluations failed to indicate the means by which she could obtain assistance. See R.C. 3319.111 (B)(3). The January fifth evaluation states that appellant spent a day at Cleveland School of the Arts; Helmick gave appellant two books on discipline methods; and Helmick expressed her willingness to help and support appellant. The evaluation sufficiently stated the means to obtain assistance. See Rickel, supra at 815. Appellant asserts that these recommendations were not helpful. We can not inquire as to whether the suggestions were reasonable. Judicial inquiry is limited simply to whether suggestions were made "regarding the means by which the teacher may obtain assistance."Rickel, supra.
The second evaluation contained sufficient "means to obtain assistance" by referring to the first evaluation. See Thomas v.Newark Bd. of Ed. (1994), 71 Ohio St.3d 251. The trial court did not abuse its discretion in finding that there was sufficient evidence that the non-renewal of the contract complied with the procedural requirements of R.C. 3119.111.
Accordingly, this assignment of error is overruled.
The decision of the trial court is affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
O'DONNELL, J., AND SPELLACY, J., CONCUR.
 ____________________ ANN DYKE ADMINISTRATIVE JUDGE