This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Joann Dakos, appeals from the judgment of the Lorain County Court of Common Pleas which affirmed the decision of Appellee, the Lorain City School District Board of Education ("the Board"), which decided not to renew Appellant's employment contract. We affirm.
The Board employed Appellant under a one-year limited teaching contract for the 1998-1999 school year, which the Board voted not to renew. Appellant requested a written statement from the Board describing the circumstances that led to the decision not to reemploy her. The Board provided Appellant with a statement. Subsequently, Appellant requested a hearing before the Board, pursuant to R.C. 3319.11. Following the hearing, the Board affirmed its previous decision not to renew Appellant's teaching contract.
Appellant appealed the decision to the Lorain County Court of Common Pleas. The trial court affirmed the judgment of the Board. Appellant timely appealed to this court, raising three assignments of error for review.
 ASSIGNMENT OF ERROR I The trial court committed prejudicial error in determining that [the Board's] failure to timely complete the first statutory evaluation was not a procedural deficiency requiring reinstatement.
In her first assignment of error, Appellant contends that the trial court erred in determining that the Board's failure to timely sign and date her first evaluation did not warrant reinstatement of her teaching contract. Appellant's argument is without merit.
R.C. 3319.11 sets forth the procedure governing the nonrenewal of limited contracts of employment for teachers, unless a collective bargaining agreement provides to the contrary. In this case, the master contract for the time period in question stated that "[a]ll evaluations will be conducted in accordance with [R.C.] 3319.11 and [R.C.] 3319.111[.]" A trial court's scope of review under Chapter 3319 is more limited than in standard administrative appeals. R.C. 3319.11(G)(7) states, in relevant part:
 A teacher may appeal an order affirming the intention of the board not to reemploy the teacher to the court of common pleas of the county[.]
* * *
 Notwithstanding [R.C. 2506.04], the court in an appeal under this division is limited to the determination of procedural errors and to ordering the correction of procedural errors and shall have no jurisdiction to order a board to reemploy a teacher, except that the court may order a board to reemploy a teacher in compliance with the requirements of division (B), (C)(3), (D), or (E) of this section when the court determines that evaluation procedures have not been complied with pursuant to [R.C. 3319.111(A)] or the board has not given the teacher written notice on or before the thirtieth day of April of its intention not to reemploy the teacher pursuant to division (B), (C)(3), (D), or (E) of this section. Otherwise, the determination whether to reemploy or not reemploy a teacher is solely a board's determination and not a proper subject of judicial review and, except as provided in this division, no decision of a board whether to reemploy or not reemploy a teacher shall be invalidated by the court on any basis, including that the decision was not warranted by the results of any evaluation or was not warranted by any statement given pursuant to division (G)(2) of this section.
Our scope of review is also limited. "In reviewing an order of an administrative agency, an appellate court's role is more limited than that of a trial court reviewing the same order. It is incumbent on the trial court to examine the evidence. Such is not the charge of the appellate court. The appellate court is to determine only if the trial court has abused its discretion." Lorain City Bd. of Edn. v. State Emp.Relations Bd. (1988), 40 Ohio St.3d 257, 260-61. See, also, Wands v.Maple Heights City School Dist. Bd. of Edn. (Aug. 24, 2000), Cuyahoga App. No. 76198, unreported, 2000 Ohio App. LEXIS 3832, at *6. An abuse of discretion is more than an error of judgment, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med. Bd. (1993), 66 Ohio St.3d 619,621. With this limited standard of review providing the legal framework for our analysis, we now proceed to address Appellant's first assignment of error.
R.C. 3319.111(A) provides that a board of education must evaluate teachers under limited contracts twice yearly before the board may determine whether to renew those teachers' contracts. The first of these evaluations must be conducted and completed by the fifteenth day of January of each year, and the teacher "shall receive a written report of the results of this evaluation not later than the twenty-fifth day of January." R.C. 3319.111(A).
According to R.C. 3319.111(B), any board of education evaluating a teacher is to adopt evaluation procedures, which shall include the following:
 (1) Criteria of expected job performance in the areas of responsibility assigned to the teacher being evaluated;
 (2) Observation of the teacher being evaluated by the person conducting the evaluation on at least two occasions for not less than thirty minutes on each occasion;
 (3) A written report of the results of the evaluation that includes specific recommendations regarding any improvements needed in the performance of the teacher being evaluated and regarding the means by which the teacher may obtain assistance in making such improvements.
In this case, the Board adopted an evaluation procedure which included all the above listed elements. In addition, the procedure incorporated a "Teacher Evaluation Form" from the master contract. The form designated the criteria of expected job performance or "rating categories[.]"
The record indicates that the Board based its first evaluation of Appellant on two observations which took place November 2, 1998 and December 4, 1998, well in advance of the January 15 deadline.[1] Each observation lasted more than thirty minutes, as required. While the school principal, Kenneth Kos, signed and dated the respective Teacher Evaluation Form on January 19, 1999, he clearly based the evaluation on only the two previously mentioned observations. Appellant received and signed the written report of the evaluation results on January 21, 1999, four days prior to the respective statutory deadline. The trial court found that the failure to complete the evaluation by January 15 was a "flaw in the procedure," but stated that it was not a "fatal flaw." The trial court determined that Appellant was not prejudiced by the delay.
We hold that R.C. 3319.111 requires that a teacher's evaluation for the timeframe in question encompass only observations which take place prior to the deadline of January 15. Here, the Board met that requirement. Since the Board reduced the evaluation to a signed writing which Appellant timely received, the Board complied with the statute's procedural date requirements. Therefore, contrary to the trial court's holding, we find that the Board did not commit a procedural error. However, "we will not reverse a correct judgment merely because of an erroneous rationale." State ex rel. Gilmore v. Mitchell (1999),86 Ohio St.3d 302, 303. Since we agree with the result that reinstatement of Appellant's employment contract was not warranted, we find that the trial court did not abuse its discretion in its judgment. Appellant's first assignment of error is overruled.
 ASSIGNMENT OF ERROR II The trial court committed prejudicial error in determining that [the Board] complied with the evaluation procedures contained in [R.C.] 3319.11 and 3319.111.
In Appellant's second assignment of error, she argues that the trial court erred in determining that the Board's evaluations complied with the criteria established by R.C. 3319.11(B)(3). We disagree.
R.C. 3319.111(B) sets forth specific procedures to be followed in conducting evaluations of teachers whose contracts the board ultimately decides not to renew. Farmer v. Kelley's Island Bd. of Edn. (1994),69 Ohio St.3d 156, 159. R.C. 3319.111(B) provides, in relevant part:
 (B) Any board of education evaluating a teacher pursuant to this section shall adopt evaluation procedures that shall be applied each time a teacher is evaluated pursuant to this section. These evaluation procedures shall include, but not be limited to:
* * *
 (3) A written report of the results of the evaluation that includes specific recommendations regarding any improvements needed in the performance of the teacher being evaluated and regarding the means by which the teacher may obtain assistance in making such improvements.
This statute must be liberally construed in favor of teachers. Naylor v.Cardinal Local School Dist. Bd. of Edn. (1994), 69 Ohio St.3d 162, paragraph one of the syllabus. However, R.C. 3319.111 does not place the burden upon the school board to assure that every teacher fully appreciates every suggestion for improvement or recommendation as to the means by which the teacher may obtain assistance in making the suggested improvements. Rickel v. Cloverleaf Local School Dist. Bd. of Edn. (1992), 79 Ohio App.3d 810, 814.
In this case, Appellant argues that the Board's evaluations failed to identify specific recommendations regarding improvement needed in Appellant's performance, as well as the means by which she could obtain assistance in making such improvements. Specifically, Appellant maintains that she did not receive notice as to any purported deficiencies in her performance due to Principal Kos's "changing statements[.]"
Consistent with R.C. 3319.111(A), Principal Kos conducted two evaluations of Appellant during the school year, with each evaluation consisting of two observations of Appellant's classroom performance. Principal Kos prepared written evaluations pursuant to R.C. 3319.111(B)(3) and met with Appellant to discuss the results.
Both evaluations identified a number of areas in which Appellant needed to improve her performance as a teacher, including: Daily Planning, Discipline, Classroom Organization, Innovation and Originality, Motivation of Students, Teacher Enthusiasm, Student Participation, Attention to Detail, Variety and Presentation of Subject Matter, Attitude and Responsibility Toward Total Program, Classroom Appearance and Climate, and Promptness. The evaluations listed specific weaknesses in each of the above listed areas. The forms also contained numerous, specific suggestions to improve Appellant's performance in each of the listed areas. For example, Principal Kos listed the following suggestions under the areas of Discipline and Classroom Organization, respectively: (1) "The need for a variety of workshops need to be incorporated in the daily routine. This will assist the classroom teacher when she needs to redirect the student[,]" and (2) "Teacher needs to be more in charge of the classroom than her aide. It seems the aide is the one giving students directives[.]"
Finally, the evaluations ended with a list of the suggested means by which Appellant could obtain assistance in making the needed improvements. The lists included the following, among others: (1) "[Appellant] should feel free to ask for any assistance from [Principal Kos], * * * the building manager, and * * * supervisor of the M.H. Program[,]" and (2) "Visitation opportunities have been granted to observe another M.H. unit."
Thus, the record indicates that Principal Kos provided specific recommendations regarding needed improvements and suggestions regarding the means by which Appellant could obtain assistance in making those improvements. In light of the fact that it was not the Board's burden to ensure that Appellant fully understood each suggestion and recommendation, we find that the evaluations met the requirements of R.C. 3319.111(B)(3). Therefore, the trial court did not abuse its discretion in finding in favor of the Board on this basis. Appellant's second assignment of error is overruled.
 ASSIGNMENT OF ERROR III The trial court committed prejudicial error, in granting judgment for [the Board], since the statement of circumstances presented to Appellant did not satisfy the clear substantive standard mandated under [R.C.] 3319.11(G)(2).
Appellant avers in her third assignment of error that the Board failed to satisfy the statutory requirements for the statement of circumstances; therefore, the trial court erred in finding in favor of the Board. Appellant's assignment of error is not well taken.
R.C. 3319.11(G)(1) provides that a teacher whose contract is not renewed may file a written demand with the board's treasurer for a written statement describing the circumstances leading to nonrenewal. R.C. 3319.11(G)(2) requires the treasurer to respond within ten days of receiving the demand and to "provide to the teacher a written statement describing the circumstances that led to the board's intention not to reemploy the teacher." The statement must demonstrate a "clear and substantive basis" for the board's decision not to reemploy the teacher.Geib v. Triway Local School Dist. Bd. of Edn. (1999), 84 Ohio St.3d 447,451.
"To satisfy this requirement, a board of education must expressly state the reasons underlying its decision and cannot incorporate by reference prior administrative reports as a basis for its decision." Id. Furthermore, the statement should not be "merely conclusory and leave
[the teacher] groping for answers as to why she was not offered a continuing contract." Naylor, 69 Ohio St.3d at 167. However, "the statute does not demand a detailed accounting of each and every factor that led to a decision not to continue further employment." Kiel v. Green LocalSchool Dist. Bd. of Edn. (July 22, 1992), Wayne App. No. 2709, unreported, at 7.
In this case, Appellant requested the written statement and the Board timely responded as follows, in relevant part:
 In response to your demand, the following is provided as a statement of the circumstances that led to the Board of Education's intention not to reemploy you at the expiration of your current limited teaching contract.
 The Board of Education took this action because of your poor teaching performance in the evaluated areas of classroom organization, innovation and originality, student participation, attention to detail, variety and presentation of subject matter, attitude and responsibility toward total program, and classroom appearance and climate. Because of deficient performance in these areas, both your Principal and the Superintendent recommended against your reemployment.
In its statement, the Board specifically listed seven areas in which Appellant's performance had previously been identified as deficient. This was the basis for Appellant's nonrenewal. Appellant was not left "groping for answers as to why she was not [renewed]." See Naylor,69 Ohio St.3d at 167. R.C. 3319.11(G)(2) does not require any more explanation than was provided. See Kiel, supra, at 7. Therefore, we find that from a procedural standpoint, the statement adequately described the circumstances leading to the Board's decision not to reemploy Appellant. We cannot say the trial court abused its discretion in finding in favor of the Board on this basis. Appellant's third assignment of error is overruled.
Appellant's three assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
BATCHELDER, P.J., BAIRD, J. CONCUR.
[1] Although the school principal, Kenneth Kos, testified at the hearing that the second observation for the first evaluation took place on November 4, 1998, the "Teacher Evaluation Form," which is also part of the record, indicates the second observation actually took place on December 4, 1998.